IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:12-cv-00456-F

| | |
|---|---|
| DARWIN JOHNSON, LATONJA D. JOHNSON, and BRENDA JOHNSON MATHIS,<br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF FAYETTEVILLE, HEATHER NICOLE ST. JOHN, SHANE KOEHLER, individually, JENNIFER RODRIGUEZ, individually, PHYLLIS JERNIGAN, individually, CHIEF THOMAS BERGAMINE, in his official capacity as Chief of FCPD and individually, and DALE IMAN, in his capacity as City Manager and individually,<br>　　　　Defendants. | **STIPULATED ORDER<br>FOR THE PROTECTION OF CONFIDENTIAL<br>INFORMATION** |

Plaintiffs Darwin Johnson, Latonja D. Johnson and Brenda Mathis, Defendant Heather Nicole St. John, and Defendants the City of Fayetteville, Shane Koehler, Jennifer Rodriguez, Phyllis Jernigan, Thomas Bergamine and Dale Iman **HEREBY STIPULATE AND AGREE** as follows:

Disclosure and discovery activity in this action are likely to involve production and disclosure of certain documents and information that have been or could be withheld by the Parties or their attorneys both from their Rule 26(a)(1) Initial Disclosures or in response to discovery requests in this action on the basis of N.C.G.S. § 132-1.4 (criminal investigations records), N.C.G.S. § 160A-168 (city personnel records) or pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy and Security Rules and the regulations promulgated thereunder by the United States Department of Health and Human Services at 45 C.F.R. parts 160 and 164. Accordingly, Counsel for the Parties hereby stipulate

1

and agree to the following and petition the Court to enter the following Stipulated Order for the Protection of Confidential Information ("Stipulated Protective Order").

### 1. Purpose.

The purpose of this Stipulated Protective Order is to allow the Parties reasonable access to information from other Parties while providing protection against the unauthorized or improper disclosure of confidential documents and information protected under N.C.G.S. §132-1.4 (criminal investigations records), N.C.G.S. § 160A-168 (city personnel records) and/or Protected Health Information ("PHI") as said PHI is identified in 45 C.F.R. §§ 160.103 and 164.501, which may either be requested in discovery or otherwise disclosed. Nothing herein requires the production of PHI where it can otherwise be redacted from the applicable document without changing the substantive nature of the document as it relates to this lawsuit.

### 2. Definitions.

a. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

b. "Party" means any of the Parties to this action, including officers and directors of such Parties.

c. "Counsel" means Parker, Poe, Adams and Bernstein, Locus & Associates, Hedrick Gardner Kinchelo & Garofalo LLP, Insurers of any of the Parties, in-house legal counsel for any of the Parties, and their respective attorneys, employees and assistants to whom it is necessary to disclose Protected Material for the purpose of this action.

d. "Designating Party" means a party to this action, and all directors, employees, and agents (other than Counsel) of the party, or any third-party, that produces or otherwise makes available Discovery Material that the party has designated as "Confidential" to a Receiving Party.

e. "Discovery Material" means materials disclosed pursuant to the Federal Rules of Civil Procedure, materials produced in response to discovery requests, including, without limitation, answers to interrogatories, responses to requests for production of documents and things, and responses to requests for admission information, and ESI, documents and tangible things produced in response to discovery requests, deposition testimony or transcripts, and any other similar materials, or portions thereof.

f.  "Producing Party" means a party to this action, and all directors, employees, and agents (other than Counsel) of the party, or any third-party that produces or otherwise makes available Discovery Material to a Receiving Party.

g.  "Receiving Party" means a Party to this action and all employees, agents and directors (other than Counsel) of the Party that receives Discovery Material from a Producing Party.

h.  "Protected Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, which is designated as "Confidential" in accordance with Paragraph 3(a).

i.  "Court" means the U.S. District Court for the Eastern District of North Carolina or any appellate or other Court that hears any aspect of this case, and personnel of the Court.

j.  "Confidential Information" means confidential documents and information protected under N.C.G.S. §132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records), or which constitute or contain PHI.

## 3. Designation of Protected Material as Confidential

All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all deposition testimony and deposition exhibits, and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court during discovery-related proceedings or in other settings outside of the court that might reveal same shall be subject to this Stipulated Protective Order, as set forth below. Presentations or disclosures made during non-discovery related pretrial court proceedings and/or trial are not subject to this Stipulated Protective Order, and shall be raised with the judicial officer conducting such proceedings at the appropriate time.

a)  One who provides Confidential Information may designate it as "CONFIDENTIAL" for purposes of protecting from improper public disclosure. Any document, any information produced in electronic format via email, on magnetic disks, flash drives or other computer-related media, and any portion of oral testimony produced or given in

this action that is asserted by the Producing Party in good faith to contain or constitute Confidential Information shall be so designated by such Producing Party. Each page of each document and the front of each disk or other computer-related media that contains Confidential Information shall be marked on its face with the legend "CONFIDENTIAL" in a manner which will not interfere with their legibility or utility.

Except for documents produced for inspection at the Party's facilities, the designation of information as CONFIDENTIAL shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the Party's facilities, such documents may be produced for inspection before being marked CONFIDENTIAL. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked in accordance with this Stipulated Protective Order after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of documents containing Confidential Information before such documents are copied and marked in accordance with the requirements of this Stipulated Protective Order.

Confidential Information shall not include information that: (i) becomes public knowledge, as shown by publicly available writings, other than through violation of the terms of this Stipulated Protective Order; (ii) is or was acquired lawfully by a non-Designating Party that has no obligation to the owner of the information; or (iii) is or was disclosed by a non-Designating Party with the approval of the Designating Party.

b) Portions of depositions shall be deemed CONFIDENTIAL only if they are designated as such when the deposition is taken or within thirty (30) days after receipt of the transcript. Any testimony which describes a document designated as CONFIDENTIAL shall also be deemed to be designated as CONFIDENTIAL.

c) Information or documents designated as CONFIDENTIAL under this Stipulated Protective Order shall not be used or disclosed by the Parties or Counsel for the Parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

d) The Parties and Counsel for the Parties shall not disclose or permit the disclosure of any documents or information designated as CONFIDENTIAL under this Stipulated Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

i) Disclosure may be made to Counsel and employees of Counsel for the Parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom Counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence.

ii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

iii) Disclosure may be made at depositions to the Producing Party's employees.

iv) Disclosure may be made to graphics or design services retained by Counsel for purposes of preparing demonstratives or other exhibits for depositions, hearings or trial in this action upon such persons signing the acknowledgement attached hereto, which shall be retained by outside Counsel for the retaining Party.

v) Disclosure may be made to litigation and jury consulting services in preparation for trial, retained by Counsel for the Parties upon such persons signing the

acknowledgement attached hereto, which shall be retained by outside Counsel for the retaining Party.

vi) Disclosure may be made to an independent court advisor upon such advisor signing the acknowledgement attached hereto and providing signed copies to outside Counsel.

vii) Disclosure may be made to non-party consultants, investigators, or experts (hereinafter referred to collectively as "Experts") (and their assistants and staff) employed by the Parties or Counsel for the Parties to assist in the preparation and trial of the lawsuit only after ten (10) business days following written notice to the opposing Party of the proposed disclosure to the consultant, investigator, or expert. With the written notice shall be included a fully executed copy of the acknowledgement attached hereto, completed by the consultant, investigator or expert, along with a copy of his or her current curriculum vitae. If the opposing Party objects, in writing, to disclosure to the consultant, investigator, or expert within the ten (10) business day period, no disclosure of material designated as CONFIDENTIAL may be made to the consultant, investigator, or expert. If the Parties cannot resolve the issue after conferring, the Party objecting to the proposed disclosure may thereupon move to request an appropriate order from the Court disqualifying the consultant, investigator, or expert or protecting against the proposed disclosure to the consultant, investigator, or expert. Failure to seek a court order within the time provided herein shall constitute a waiver of the objecting Party's objection. Until the Court rules on the matter, no disclosure of material designated as CONFIDENTIAL shall be made to the consultant, investigator, or expert. Nothing herein shall give any Party the right to depose or obtain any discovery from any Expert disclosed herein unless such expert is disclosed pursuant to Fed. R. Civ. P. 26(a)(2).

viii) Disclosure may be made to any other persons as agreed to by written stipulation of the Parties or authorized by further order of the Court.

ix) Disclosure may be made to a person when it is indicated on the face of the document that the person is the author, recipient, or during a deposition, when a witness is established as knowledgeable of the contents of the document.

e) Counsel for the Parties shall keep all documents designated as CONFIDENTIAL which are received under this Stipulated Protective Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential Information under this Stipulated Protective Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" to be consistent with the original, if those words do not already appear.

g) Nothing in this Stipulated Protective Order shall be construed to limit in any way the rights of the Designating Party or its Counsel with respect to the disclosure or use of documents and information that the Designating Party has designated as CONFIDENTIAL.

4. **Confidential Information Filed with Court.**

In accordance with § T(1)(a)(6) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"), in the event that a filing Party seeks to file materials that have been designated confidential by another Party, individual or non-party, the filing Party shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2, with notice served on the Party, individual or non-party who

7

PPAB 2034442v1

Case 5:12-cv-00456-F Document 75 Filed 01/07/13 Page 7 of 14

desires to maintain the materials under seal. In accordance §T(1)(a)(6)(I), the filing Party will submit a notice of filing in lieu of a motion to seal and the filing of these third party material under seal, by itself, shall not be binding on the Court. However, documents submitted under seal in accordance with § T(1)(a)(6) will remain under seal pending the Court's ruling on the motion to seal. Within seven (7) days after such notice, the Party, individual or non-party shall file a motion to seal and supporting memorandum in accordance with § T(1)(a)(1) of the Policy Manual. Where a Party seeks to submit documents to the Court which have been designated as containing Confidential Information by the submitting Party, the submitting Party may, in its discretion, bring a motion to file such documents under seal pursuant to Local Civil Rules 7.1, 79.2, and § T(1)(a)(1) of the Court's Policy Manual. Where a submitting Party intentionally declines to seek an order sealing documents submitted to the Court designated as containing its own Confidential Information, the submitted material will no longer qualify for protection and subsequent treatment as containing Confidential Information under this Stipulated Protective Order.

In accordance with the Section T of the Policy Manual, except for motions filed under seal in accordance with Section T(1)(a)(7) of the Policy Manual, each time a Party seeks to file under seal, said Party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing Party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing Party must submit a supporting memorandum that specifies: (i) the exact document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion.

8

PPAB 2034442v1

Case 5:12-cv-00456-F   Document 75   Filed 01/07/13   Page 8 of 14

### 5. Party Seeking Greater Protection Must Obtain Further Order.

No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by Paragraph 3 of this Stipulated Protective Order unless the Party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

### 6. Challenging Designation of Confidentiality.

(a) The designation of information as CONFIDENTIAL by a Designating Party shall not be deemed an admission by the Receiving Party that such information is entitled to that designation. Any challenge to Designating Party's confidentiality designation shall be made as promptly as the circumstances permit.

(b) A Party wishing to challenge a confidentiality designation shall begin the process by conferring directly with Counsel for the Designating Party. The challenging Party must explain why it believes the confidentiality designation is improper. The Designating Party shall have five (5) business days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging Party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the Designating Party.

(c) If the Parties are unable to informally resolve a challenge to a particular designation, the challenging Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding Paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

### 7. Errors in Designation.

A Producing Party that inadvertently fails to designate an item pursuant to this Stipulated Protective Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Stipulated Protective Order with respect to the use and disclosure of any Confidential Information contained in the undesignated documents, from and after the date of designation.

### 8. Improper Disclosure.

If information designated pursuant to this Stipulated Protective Order is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the Party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

### 9. Inadvertent Production.

Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no Producing Party shall be held to have waived any rights thereunder by inadvertent production. If a Producing Party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, Counsel for

10

PPAB 2034442v1

the Producing Party shall promptly give written notice to Counsel for the Receiving Party. The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party. The Receiving Party may afterwards contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

**10. Duration and Return of Material Containing Confidential Information at Conclusion of Litigation.**

Following the conclusion or termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. At the conclusion of the litigation, all material treated as Confidential Information under this Stipulated Protective Order and in the possession of a Party shall be returned to the originating Party. If the Parties so stipulate, the materials may be destroyed instead of being returned. Counsel for the Parties may retain one copy for archival purposes only.

**11. Materials Ordered Produced or Subpoenaed in Another Litigation.**

(a) If a Receiving Party is served by a non-party with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, no more than ten (10) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The Receiving Party also must immediately inform in writing the non-party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the nonparty in the other action that caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its material containing confidential information — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 12. Privilege Log.

A Producing Party may withhold production of a document based on the assertion that the otherwise responsive document is privileged (*i.e.*, attorney-client privilege, work product doctrine, and/or common interest privilege). For each document so withheld created on or before the filing of the initial Complaint in this action, the Producing Party must list it on a privilege log. The privilege log shall be produced to the Receiving Party within a reasonable time after the production of any documents from which any documents have been withheld as privileged, or as otherwise provided by Court Order. Documents and communications between trial Counsel and a Producing Party are not subject to listing on the privilege log.

## 13. Confidential Information Filed with Court.

Non-Parties who provide information in response to a subpoena or discovery request may invoke the protection of this Stipulated Protective Order by (a) designating that information as Confidential Information in accordance with this Stipulated Protective Order; and (b) signing a copy of this Stipulated Protective Order, which shall be deemed their written consent to be bound thereby. Any non-party who invokes the protection of this Stipulated Protective Order shall also be bound by its obligations.

This the 2nd day of January, 2013.

/s/ James H. Locus, Jr.
James H. Locus, Jr.
Locus & Associates
P.O. Box 331
Fayetteville, NC 28302
(910) 630-1491
Fax: (910) 822-0389
Locuslaw@aol.com
BAR # 13853
*Attorney for Plaintiffs*

/s/ Christopher M. Thomas
James C. Thornton
N.C. Bar No. 16859
jamesthornton@parkerpoe.com
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
P.O. Box 389
Raleigh, NC 27602-0389
Telephone:  (919) 828-0564
Facsimile:  (919) 834-4564
*Attorneys for Defendants City of Fayetteville, Shane Koehler, Jennifer Rodriguez, Phyllis Jernigan, Thomas Bergamine and Dale Iman.*

/s/DAVID L. LEVY
NC State Bar No 34060
Hedrick, Gardner, Kincheloe & Garofalo, LLP
P.O. Box 30397
Charlotte, NC 28230
Phone: (704) 366-1101
Fax:  (704) 366-6181
Email: dlevy@hedrickgardnercom
*Attorney for Defendant Heather Nicole St. John*

It is so ORDERED this the 7 day of January, 2013.

Robert B. Jones, Jr.,
United States Magistrate Judge

## ACKNOWLEDGEMENT

*Darwin Johnson, Latonja D. Johnson, and Brenda Johnson Mathis v. City of Fayetteville, Heather Nicole St. John, Shane Koehler, Individually, Jennifer Rodriguez, individually, Phyllis Jernigan, individually, Chief Thomas Bergamine, in his official capacity as Chief of FCPD and individually, and Dale Iman, in his capacity as City Manager and Individually*
United States District Court for the Eastern District of North Carolina
Civil Action No. 5:12-CV-00456-F

I, _____, hereby declare under penalty of perjury that I have read and understand the provisions of the attached Stipulation and Order for Protection of Confidential Information ("Protective Order") entered by the Court in the above-captioned matter with respect to the non-disclosure of Confidential Information and I agree to abide by and be bound by its terms. I will not reveal the Confidential Information to anyone, except as allowed by the Protective Order. I will maintain all Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than ninety (90) days after the conclusion of this action, I will return the Confidential Information to the Counsel who provided me with the Confidential Information, or upon agreement of the Parties, destroy all such Confidential Information. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

Executed on _____

By: _____

14

PPAB 2034442v1

Case 5:12-cv-00456-F Document 75 Filed 01/07/13 Page 14 of 14