## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No: 5:12-CV-456-F

| | |
|---|---|
| DARWIN JOHNSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| CITY OF FAYETTEVILLE, et al., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on the following motions: (1) Plaintiffs' Motion to Compel Discovery [DE-84][1]; (2) Plaintiffs [sic] Darwin Johnson's Second Motion to Compel Discovery [DE-112]; (3) Plaintiffs' Motion for Waiver of Objection Provision [DE-86]; (4) Plaintiffs' Motion to Enlarge Time to Conduct Depositions [DE-94]; (5) Defendants' Motion to Quash Subpoena [DE-109]; (6) Plaintiffs' Motion to Subpoena Medical and Personnel Records of Defendant Shane Koehler [DE-113]; and (7) Plaintiffs' Motion to Quash Defendants' Deposition Notice and Subpoena of Melvin Tucker [DE-138]. A status conference was held with all parties on May 17, 2013, during which the court addressed the matters raised in these pending motions. The court made several rulings from the bench and, after hearing further argument from counsel, took other matters under advisement. This order memorializes the rulings made during the status conference and determines those issues taken under advisement.

---

[1] The motion focuses on outstanding discovery requests of Plaintiff Darwin Johnson, but is captioned as a motion by all Plaintiffs. The court will hereby refer to this as "Plaintiff Darwin Johnson's First Motion to Compel Discovery." Furthermore, the brief in support of the motion includes argument pertaining to the discovery requests served by Plaintiff Latonja Johnson, which is included as an exhibit. [DE-84-8].

## I. PROCEDURAL HISTORY

On June 7, 2012, Plaintiffs Darwin Johnson, LaTonja Johnson, and Brenda Johnson Mathis initiated this action by filing a Complaint in state court. The action was removed to this court on July 20, 2012, and on September 5, 2012, Plaintiffs filed an Amended Complaint. [DE-30]. Plaintiffs' Amended Complaint contained several causes of action purportedly arising under 42 U.S.C. § 1983 and § 1985, the North Carolina Constitution and state tort law against various defendants in different capacities. Defendant Heather Nicole St. John filed a motion to dismiss on September 19, 2012 [DE-35] and Defendants City of Fayetteville, Officer Shane Koehler, Detective Jennifer Rodriguez, Sergeant Phyllis Jernigan, Chief Thomas Bergamine, and Dale Iman (collectively, "City Defendants") filed a separate motion to dismiss on October 24, 2012. [DE-59]. On March 28, 2013, upon the motions to dismiss by Defendant St. John and the City Defendants, the court dismissed many of Plaintiffs' claims. [DE-129]. In its order, the court ruled that the following claims remain pending in this action:

(1) As to Defendant St. John: Plaintiff Darwin Johnson's § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy. Plaintiff LaTonja Johnson's claim for negligence.

(2) As to Defendant Koehler in his Individual Capacity: Plaintiff Darwin Johnson's (1) § 1983 claims for false arrest, excessive force, and malicious prosecution; (2) § 1985 claim for civil conspiracy; and (3) state law claims of intentional infliction of emotional distress, assault and battery, and false imprisonment. Plaintiff Mathis' (1) § 1983 claim of excessive force; (2) § 1985 claim for civil conspiracy; and (3) state law claim for assault and battery.

(3) As to Defendant Rodriguez in her Individual Capacity: Plaintiff Darwin Johnson's § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy.

(4) As to Defendant City of Fayetteville: Plaintiffs Darwin Johnson and Mathis' state law claim of negligent hiring, retention, supervision, training, and discipline.

2

(5)     As to Defendant City of Fayetteville, and Defendants Bergamine and Iman in their Individual Capacity: Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative § 1983 and § 1985 claims based on the remaining predicate claims [false arrest, malicious prosecution and excessive force] asserted against Defendant Koehler due to their negligent hiring of and failure to train Defendant Koehler, as well as Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative § 1983 and § 1985 claims based on these remaining predicate claims asserted against Defendants Koehler and Rodriguez [civil conspiracy] due to the institution and maintenance of a widespread discriminatory policy.

[DE-129] at 37.

On November 29, 2012, Plaintiff Darwin Johnson served Defendant City of Fayetteville with his written discovery requests. Pls.' Mot. to Compel Disc. ("Pls.' Mot.") [DE-84] at 1; Pl. Darwin Johnson's First Set of Interrogs. to Def. City of Fayetteville [DE-84-1]; Pl. Darwin Johnson's First Req. for Produc. of Docs. to Def. City of Fayetteville [DE-84-2]; Pl. Darwin Johnson's First Req. for Admis. [DE-84-3]. On January 6, 2013, Plaintiff Darwin Johnson served his First Request for Production of Documents upon Defendant Koehler. [DE-112-1] at 2. On January 16, 2013, Defendant City of Fayetteville responded to Plaintiff Darwin Johnson's requests asserting objections to several requests. On February 15, 2013, Defendant Koehler responded to Plaintiff Darwin Johnson's document requests asserting several objections. [DE-112-4]. On February 22, 2013, Plaintiff Darwin Johnson filed his first motion to compel. [DE-84]. On March 16, 2013, Plaintiff Darwin Johnson filed a second motion to compel. [DE-112]. The parties have filed numerous other discovery motions.

## II. FACTS ALLEGED IN THE AMENDED COMPLAINT

According to the Amended Complaint, on April 17, 2011, Plaintiff LaTonja Johnson was patronizing a local McDonald's Restaurant on Raeford Road in Fayetteville, North Carolina via its "drive thru" service. This particular McDonald's restaurant offers customers the option of ordering

3

food at one of two "drive-thru" lanes. A customer ordering food from lane one moves forward after placing an order while a customer from lane two merges into lane one after placing an order.

Plaintiff LaTonja Johnson originally lined up behind Defendant St. John in lane one. Plaintiff LaTonja Johnson realized that no patrons were in lane two, so she moved her car from lane one behind Defendant St. John into lane two. Defendant St. John began cursing at Plaintiff LaTonja Johnson. Plaintiff LaTonja Johnson placed her order in lane two and then moved her car forward to the cashier. Defendant St. John placed her order in lane one after Plaintiff LaTonja Johnson had placed her order. Defendant St. John then drove her vehicle into Plaintiff LaTonja Johnson's vehicle. While Plaintiff LaTonja Johnson stopped her vehicle in order to inspect the damage, Defendant St. John proceeded over the concrete curb in order to enter lane one in front of Plaintiff LaTonja Johnson's vehicle and proceeded to the cashier for her purchase. After purchasing her food at the window, Defendant St. John drove her car around the McDonald's building and parked her car across the parking lot in view of Plaintiff LaTonja Johnson's vehicle. Plaintiff LaTonja Johnson dialed "911" and reported the accident to the police. She then called her husband, Plaintiff Darwin Johnson, and reported the accident to him.

Defendant St. John, who is alleged to have been the babysitter for Defendant Rodriguez, reported by cell phone to Defendant Rodriguez that an angry group of African Americans were surrounding her car. Defendant St. John also shouted out threats to Plaintiff LaTonja Johnson that she knew officers in the Fayetteville City Police department ("FCPD") and that they were on their way to the scene to "handle her."

At some point, the Assistant Manager of the McDonald's restaurant came outside. After reassuring both parties that the police were on the way, the scene became calm. Plaintiff Darwin

4

Johnson later arrived and stood next to the Assistant Manager while awaiting the arrival of the police. For approximately thirty minutes, Plaintiff Darwin Johnson and the Assistant Manager stood next to the vehicle driven by Plaintiff LaTonja Johnson. Several times, while they awaited the arrival of the FCPD, Defendant St. John, who was still on her cell phone with Defendant Rodriguez, shouted in the direction of Plaintiffs that she had friends with the FCPD and that police officers would "take care" of Plaintiffs when they arrived. No Plaintiff made any accusatory or threatening remarks to Defendant St. John.

Defendant Koehler was the first police officer on the scene. At some point, Defendant Koehler received a report that African Americans were surrounding Defendant St. John's car and intimidating her. Upon arrival, he rushed from his vehicle and went directly to the assistance of Defendant St. John. Defendant St. John was still on her cell phone with Defendant Rodriguez when she first spoke with Defendant Koehler. After a brief discussion with Defendant St. John and Defendant Rodriguez, Defendant Koehler then allegedly rushed toward Defendant Darwin Johnson in an angry manner shouting profanities and repeatedly asking "whose f . . . car is this?" According to Plaintiffs, before Plaintiff Darwin Johnson could respond, Defendant Koehler forcibly grabbed Plaintiff Darwin Johnson's arm, turned him around, and began kicking him in the back of his legs. Defendant Koehler never stated to Plaintiff Darwin Johnson that he was under arrest or provided any other instructions. Despite Plaintiff Darwin Johnson's assurances to Defendant Koehler that he was not offering any resistance, Defendant Koehler allegedly continued to strike Plaintiff Darwin Johnson. Plaintiff Darwin Johnson took a passive posture by raising his hand as if to surrender until Defendant Koehler stopped kicking him in the back of his legs and handcuffed him. Once handcuffed, Defendant Koehler forcibly shoved Plaintiff Darwin Johnson against the patrol vehicle.

5

Defendant Koehler then conducted a full search of Plaintiff Darwin Johnson. Plaintiff Mathis approached Defendant Koehler and pleaded with him to stop. Defendant Koehler allegedly responded by pushing Plaintiff Mathis against the patrol vehicle.

Subsequently, Defendant Jernigan arrived on the scene. She took possession of Defendant St. John's cell phone and spoke directly with Defendant Rodriguez. Defendant Jernigan interviewed the witnesses on the scene and determined from these reports that probable cause did not exist to arrest Plaintiff Darwin Johnson. Nevertheless, Plaintiff Darwin Johnson was searched and arrested. During the trip to the police station, Defendant Koehler told Plaintiff Darwin Johnson that he had been diagnosed with post traumatic stress disorder ("PTSD") and medically discharged from the United States Army before being employed with the FCPD.

When Defendant Koehler went before a magistrate with an application for a warrant charging Plaintiff Darwin Johnson, Defendant Koehler included an allegation that Plaintiff Darwin Johnson assaulted Defendant Koehler although no assault occurred. Defendant Koehler presented to the magistrate an additional allegation that Plaintiff Darwin Johnson had damaged a government vehicle although Defendant Koehler caused this damage by throwing Plaintiff Darwin Johnson against the vehicle. Defendant Koehler also provided to the magistrate the arrest record of another unknown person named "Darwin Johnson" in order to mislead the magistrate into believing Plaintiff Darwin Johnson had a criminal history. Criminal charges were pursued against Plaintiff Darwin Johnson, but these charges were eventually dismissed.

Defendant Bergamine was the Chief of Police of the City of Fayetteville and Defendant Iman was the City Manager of the City of Fayetteville at the time of the alleged incident.

6

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests

for discovery on each other, including interrogatories and requests for production of documents. *See*

*generally* Fed. R. Civ. P. 26–37.

Rule 26 provides for a broad scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to
any party's claim or defense . . . . For good cause, the court may order discovery of
any matter relevant to the subject matter involved in the action. Relevant information
need not be admissible at the trial if the discovery appears reasonably calculated to
lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal

construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-

CV-62-BO, 2000 U.S. Dist. LEXIS 22340, at \*12-13, 2000 WL 33672978, at \*4 (E.D.N.C. Sept.

27, 2000); *Spell v. McDaniel*, 591 F. Supp. 1090, 1114 (E.D.N.C. 1984) ("Rules 26 through 37 of

the Federal Rules have been interpreted liberally to allow maximum discovery.").

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance

has been "broadly construed to encompass 'any possibility' that the information sought may be

relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin.*

*LLC*, No. 1:06-CV-889, 2007 U.S. Dist. LEXIS 43070, at \*10, 2007 WL 1726560, at \*3 (M.D.N.C.

June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see*

*also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During

discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably

could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting

*Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad

7

discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). However, "[e]ven assuming that [the requested] information is relevant (in the broadest sense), the simple fact that requested information is discoverable . . . does not mean that discovery must be had. On its own initiative or in response to a motion for protective order under Rule 26(c), a district court may limit . . . 'discovery methods otherwise permitted'. . . if it concludes that '(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . or (iii) the burden or expenses of the proposed discovery outweighs its likely benefit.'" *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) (quoting Fed. R. Civ. P. 26(b)(2)(C)). Additionally, "[the] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; . . . or (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). Furthermore, it is well-settled that the party resisting discovery, not the party moving to compel discovery, bears the burden of persuasion. *See Mainstreet Collection*, 270 F.R.D. at 241.

## IV. DISCUSSION

### A. Plaintiff Darwin Johnson's First Motion to Compel Discovery [DE-84].

Plaintiff Darwin Johnson has moved the court to compel Defendant City of Fayetteville to respond to the following written discovery requests: Interrogatories Nos. 1, 2, 5, 7-11, 13, 14 and 16 and Request for Production of Documents Nos. 1-16, 17-19 and 21. Plaintiff Darwin Johnson has attached to his motion his Requests for Admission and those of Plaintiff Latonja Johnson, to which

8

Defendant City of Fayetteville has objected.[2]

1.    Plaintiff Darwin Johnson's First Set of Interrogatories [DE-84-1].

*Interrogatory No. 1*

This interrogatory asks Defendant City of Fayetteville to identify and provide information regarding complaints made against any Fayetteville City Police Officer since January 1, 2004, regarding unlawful search, seizure or entry, excessive force, deprivation of a liberty interest without due process, invasion of bodily integrity, false arrest or imprisonment, consent search complaints or conspiracy to violate civil rights. Defendant City of Fayetteville has objected to the interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information protected under N. C. Gen. Stat. § 132-1.4 or § 160A-168. [DE-84-5] at 6-7.[3] Defendant City of Fayetteville states that the records of complaints are required to be maintained for a period of three years pursuant to record retention laws, and substantiated complaints are maintained indefinitely. Decl. of Christopher Davis ("Davis Decl.") [DE-92] ¶ 5. According to Defendant City of Fayetteville, it is not possible to locate information on all informal complaints that are not recorded or maintained in a written format. *Id.* Otherwise, records are not maintained according to the type of complaint and locating responsive material would take approximately 60 days. *Id.*

Considering the nature of Plaintiff Darwin Johnson's claims, the burden and expense to Defendant City of Fayetteville in responding to the interrogatory, and the discovery sought to be

---

[2] By local rule, a party submitting a motion to compel must set forth or attach to the motion the specific discovery request with respect to which the motion is filed and any objection made along with grounds supporting or in opposition to the objection. Local Civil Rule 7.1(c).

[3] Defendant points out, however, that the statutes except the disclosure of information in response to a court order. [DE-84-5] at 7.

9

obtained through the request, the court finds that a balanced response from Defendant City of Fayetteville would include all formal written complaints corresponding to incidents related to "traffic investigations" reported to have occurred during a four year period preceding the date of the incident alleged in the complaint.[4] Further, Defendant City of Fayetteville's derivative liability as to Plaintiffs' claims has been limited as a matter of law to certain acts by Defendant Koehler and Defendant Rodriguez that allegedly violated Plaintiffs' constitutional rights, specifically the following: (1) a derivative negligent hiring claim and a failure to train claim based solely on Defendant Koehler's predicate acts of false arrest, malicious prosecution, excessive force, and civil conspiracy and (2) a derivative widespread discriminatory policy claim based on the same predicate acts of Defendant Koehler as listed above, but also on Defendant Rodriguez's predicate act of civil conspiracy. [DE-129] at 28-30, 37. Therefore, the discovery of similar such incidents of misconduct is relevant to demonstrate a pattern or behavior and to show supervisory Defendants knew or should have known of this behavior and failed to take reasonable steps to investigate or prevent it. *See Spell*, 591 F. Supp. at 1115.

For purposes of fostering clarity throughout the remainder of this order and between the parties, the court succinctly states the new confines of Interrogatory No. 1 as follows:

---

[4] After a detailed discussion between the parties and the court at the May 17, 2013 status conference, the court emphasizes that the court's usage of the term "traffic investigation" is intentional and connotes a specific meaning within this case for the purposes of discovery. The facts of this case, as alleged by Plaintiffs, involve a traffic investigation and not a traffic stop. A traffic investigation is limited to situations whereby a police officer is called and responds to a traffic incident that has already occurred – the very circumstances alleged in this case. A traffic stop is where a police officer initiates his own involvement rather responds to an existing situation. Therefore, the term "traffic investigation" is used to the exclusion of "traffic stop."

Identify and describe every formal written complaint of unlawful search, unlawful seizure, excessive force, false arrest/imprisonment, and/or conspiracy to violate civil rights, made against any Fayetteville City Police Officer for any incident or incidents occurring in connection with an ordinary and routine traffic investigation between April 17, 2007 and April 17, 2011.[5]

The parties should refer generally to the limitations defined in this interrogatory in all subsequent discovery requests as it provides the general framework for discovery given the nature of Plaintiffs' claims still pending before this court following the court's order of dismissal regarding Plaintiffs' Amended Complaint. [DE-129]. Defendant City of Fayetteville's response to this interrogatory should include the date of the incident, nature of the complaint, supervisory personnel involved in responding to the complaint, and Defendant City of Fayetteville's response to the complaint. *See Cruz v. Bd. of Supervisors*, No. 91-1547, 1993 U.S. App. LEXIS 187, at *3-4, 1993 WL 2667, at *1 (4th Cir. Jan. 27, 1993). Accordingly, Defendant City of Fayetteville is directed to respond within the parameters specified by the court.

*Interrogatory No. 2*

Through this interrogatory, Plaintiff Darwin Johnson seeks the identity and information regarding "any Fayetteville Police Officer [who has] been terminated, suspended, removed, laid off, reduced in rank, disciplined or warned concerning any employment activity or conduct" since January 1, 2004. This interrogatory is overly broad to the extent it includes within its scope individuals subject to adverse employment action as a result of <u>any</u> work activity or conduct. The City of Fayetteville's liability for constitutional violations is derivative of alleged acts of false arrest, malicious prosecution, excessive force, and civil conspiracy. Defendant City of Fayetteville is

_____

[5] The remainder of the original interrogatory addresses the form of Defendant City of Fayetteville's response.

11

directed to produce responsive information regarding any police officer who was terminated, suspended, removed, laid off, reduced in rank, disciplined or warned for acts in connection with a traffic investigation concerning false arrest/imprisonment, unlawful search and seizure, excessive force, malicious prosecution and civil conspiracy. The response should include the nature of the offense and supervisory personnel involved in such discipline. Discovery of responsive material is reasonably calculated to lead to the discovery of admissible evidence of a policy, practice or custom. This information may show supervisory Defendants knew or should have known of a pattern of behavior or failed to take steps to prevent it. *See Spell*, 591 F. Supp. at 1115. Cognizant of the burden upon Defendant City of Fayetteville to produce the requested materials, and the nature of the materials requested, the court limits the scope of production to four years preceding the incident alleged in the complaint – between April 17, 2007 and April 17, 2011. Accordingly, Defendant City of Fayetteville is directed to respond within the parameters specified by the court.

*Interrogatory Nos. 5 and 14*

In lieu of providing a written response to these interrogatories, in accordance with Fed. R. Civ. P. 33(d), Defendant City of Fayetteville has relied on business documents provided in discovery from which the burden of extracting the requested information would be substantially equal for either party. [DE-84-5] at 13-14, 25. The documents have been described with sufficient specificity for Plaintiff to comprehend Defendant's response. *See* Fed. R. Civ. P. 33(d). Accordingly, Defendant City of Fayetteville has complied with the instant interrogatories, but should supplement its responses as needed. Specifically, Defendant City of Fayetteville agreed at the status conference to provide additional responsive information to Interrogatory No. 14.

12

*Interrogatory Nos. 7 and 13*

For the reasons set forth during the status conference, Defendant City of Fayetteville is directed to provide responsive information regarding its denial of any request for admission.

*Interrogatory No. 8*

This interrogatory inquires whether any Fayetteville City Police Officer has been the subject of accusation or investigation for any employment misconduct, including excessive force, false arrest, false reports, illegal (consent) search, conduct unbecoming of an officer and/or untruthfulness, in which the officer was exonerated. This interrogatory is overly broad on its face in that it seeks information concerning any officer who has been exonerated following an accusation or investigation into any alleged employment misconduct. However, the court limits this request to the same parameters previously set by the court – to those investigations in connection with a traffic investigation and related to the predicate acts of false arrest, excessive force, malicious prosecution and civil conspiracy. Generally, a request seeking records of exoneration is not reasonably calculated to lead to the discovery of admissible evidence. *See Brooks v. Cnty. of San Joaquin*, 275 F.R.D. 528, 533-34 (E.D. Cal. 2011). Here, however, the court finds that investigations concluding in exoneration are relevant to show a policy, practice or custom of exoneration on the part of Defendant City of Fayetteville. Accordingly, Defendant City of Fayetteville is directed to respond within the within the parameters specified by the court.

*Interrogatory Nos. 9 and 10*

These interrogatories seek the identity of and information regarding Fayetteville City Police Officers who have issued a large percentage of traffic citations between 2007-2012 and information on whether the officers were reviewed for "biased-based" practices. Plaintiff Darwin Johnson states

13

that he is seeking "*Monell* discovery as to the customs and practices permitted by the City." [DE-84-9] at 9. The derivative claim of a widespread discriminatory policy against Defendant City of Fayetteville in this case is limited to the predicate acts of false arrest, excessive force, malicious prosecution and civil conspiracy. [DE-129] at 37. None of the alleged predicate acts concerns the issuance of traffic citations nor do any of the alleged facts in the complaint contemplate traffic citations. Indeed, the alleged facts of this case involve a traffic investigation. The discovery of traffic citations issued by a certain number of Fayetteville City Police Officers is overly broad and, therefore, not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendant City of Fayetteville's objections to this interrogatory are sustained and Defendant City of Fayetteville is excused from responding.

*Interrogatory No. 11*

As worded, the interrogatory is overly broad in seeking the production of all data files used by the Fayetteville City Police Department for record management, irrespective of the claims alleged in this case. In his brief, Plaintiff Darwin Johnson offers a compromise interpretation, seeking the identification of the "tracking systems that they utilized." [DE-84-9] at 9. At the status conference, the parties generally agreed to the following modification of the interrogatory: "Identify all tracking systems utilized by the Fayetteville City Police Department for recording management of traffic investigations." A response to the modified interrogatory would hardly seem burdensome and Defendant City of Fayetteville offers no other objection. [DE-90] at 7. Accordingly, Defendant City of Fayetteville is directed to respond within the parameters specified by the court.

*Interrogatory No. 16*

This interrogatory seeks the identity of all police officers who have had a break in service

14

since 2007 and the screening process each officer underwent in returning to the police force. At the status conference, Plaintiffs' counsel stated that Defendant Koehler did not have a break in service during the period of his employment with the Fayetteville City Police Department. The screening process for those officers who had a break in service is not reasonably calculated to lead to the discovery of admissible evidence as to alleged claims against Defendant City of Fayetteville. Further, the scope of Interrogatory No. 14 includes any relevant discovery that may be provided by this interrogatory. Accordingly, Defendant City of Fayetteville's objections to this interrogatory are sustained and Defendant City of Fayetteville is excused from responding.

2.    Plaintiff Darwin Johnson's First Request for Production of Documents [DE-84-2].
*Request for Production No. 4*

Plaintiff Darwin Johnson seeks all documents referred to or identified in Defendant City of Fayetteville's responses to Interrogatory Nos. 1-11. While Plaintiff does not specify to which interrogatory request documents remain outstanding, Defendant City of Fayetteville indicates it has objected to producing documents in response to Interrogatory Nos. 1 and 7-11. [DE-90].

With respect to Interrogatory Nos. 1 and 2, for the reasons stated above and within the scope of these particular interrogatories as defined by the court previously, a response by Defendant City of Fayetteville of non-privileged documents is appropriate. Material relating to other similar incidents of misconduct is relevant to demonstrate a repetitive pattern, and show that supervisory City Defendants knew or should have known of the alleged behavior and failed to take reasonable steps to investigate and prevent it. *See Spell*, 591 F. Supp. at 1115. Defendant City of Fayetteville is directed to provide information responsive to Interrogatory No. 7, regarding its denial of any of Plaintiff's requests for admission. Defendant City of Fayetteville is otherwise directed to provide

15

responsive information as to any of the other interrogatories in question to which its objections have not been sustained. Defendant City of Fayetteville indicated at the status conference that it would supplement this document request as it supplements its interrogatory responses. Accordingly, Defendant City of Fayetteville is directed to produce responsive documents as it supplements its interrogatory responses.

*Request for Production No. 5*

Plaintiff seeks documents dated January 1, 2004 to the present pertaining to complaints by citizens to the City or Police Department regarding "false statements, unlawful seizure, unlawful entry, excessive force, deprivation of a liberty interest without due process, racial harassment, biased based policing, invasion of bodily integrity, false arrest/imprisonment, consent search, and/or conspiracy to violate civil rights." Defendant City of Fayetteville's liability for alleged constitutional violations is derivative of the predicate acts of Defendants Koehler and Rodriguez. Discovery related to claims for false arrest, malicious prosecution, excessive force, and civil conspiracy is reasonably calculated to lead to the discovery of admissible evidence of a policy, practice or custom of violating civil rights. This information may also show that supervisory Defendants knew or should have known of a pattern of behavior and failed to take steps to prevent it. At the status conference, the parties agreed to modify this request for production to reflect the limitations previously agreed to in Interrogatory No. 1. Accordingly, Defendant City of Fayetteville is directed to produce written complaints made to Defendant City of Fayetteville and the Fayetteville City Police Department regarding false arrest, unlawful search and seizure, malicious prosecution, excessive force, and conspiracy in connection with traffic investigations for a period of four years predating the incident alleged in the Amended Complaint.

16

*Request for Production No. 6*

This request seeks correspondence from January 1, 2004 to the present sent by or to various agents or employees of the City of Fayetteville, primarily the Mayor, City Council members and members of the Fayetteville City Police Department referring to any "administrative matter" concerning the Fayetteville City Police Department. Plaintiff Darwin Johnson seeks this discovery for the alleged reason that such individuals are policymakers within the City of Fayetteville. Defendant City of Fayetteville responds that identifying responsive documents would entail culling all files of every employee of the City of Fayetteville and member of the City Council since 2004 related in anyway to the police department, files for which there is no uniform manner of organization. Davis Decl. ¶ 6. Responding to the request would involve contacting each city employee and council member and would take several months to gather and search the documents for responsive information. *Id.* The request is overly broad and Defendant City of Fayetteville has demonstrated the burdensome nature of the request given the large number of individuals whose emails must be searched and the small likelihood that any relevant discovery would be produced, given the City Council and Mayor's detachment from policy issues in connection with the Fayetteville City Police Department in regards to the predicate acts alleged. Even limiting the scope of the request to the time period and predicate acts previously enumerated would neither alleviate the burden upon Defendant City of Fayetteville or increase the likelihood of discovering relevant information. Accordingly, Defendant City of Fayetteville's objections to this request are sustained and Defendant City of Fayetteville is not required to respond to this request.

*Request for Production No. 7*

This request seeks training materials received by the Fayetteville City Police Officers for the

17

last seven years, irrespective whether those materials were employed at the time of the incident alleged in the Amended Complaint. Defendant City of Fayetteville has asserted a number of objections including the over breadth nature of the request. Plaintiff Darwin Johnson counters that he should be entitled to review training materials upon which Defendant City of Fayetteville relied. Discovery of training materials relied upon by the Fayetteville City Police Department is reasonably calculated to lead to the discovery of admissible evidence. Accordingly and unless previously produced, Defendant City of Fayetteville is directed to produce all formal written training materials including manuals, general orders, directives, and policies during the four years preceding the alleged incident that were provided to police officers.

*Request for Production Nos. 8 and 18*

Plaintiffs' counsel indicated during the status conference that he has withdrawn these discovery requests. Accordingly, Defendant City of Fayetteville is not required to respond to these requests.

*Request for Production No. 9*

This request seeks the investigative file for each officer identified by Defendant City of Fayetteville in response to Interrogatory Nos. 1, 2 and 8. The investigative file of officers against whom a complaint has been made is reasonably calculated to lead to the discovery of admissible evidence. *See Spell*, 591 F. Supp. at 1115. Accordingly, Defendant City of Fayetteville is directed to produce the investigative files for officers identified in Interrogatory Nos. 1, 2 and 8, within the scope and time period as defined by the court above.

*Request for Production No. 10*

This request seeks any documents "regarding or relating to any of the occurrences alleged

18

in the First Amended Complaint" specifically relating to Plaintiff Darwin Johnson. To the extent Plaintiff seeks documents relative to any other "occurrences" alleged in the more than 200 paragraphs of the Amended Complaint, Plaintiff has failed to reasonably particularize the documents sought through this request. *See* Fed. R. Civ. P. 34(b); *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008) (stating that a document request seeking "all documents . . . that refer to, mention or relate in any way to Plaintiff, Whitlock, or the litigation or the allegations, facts and circumstances concerning the litigation," is overly broad). However, Defendant City of Fayetteville stated at the status conference that documents responsive to the instant request have been produced and were done so months before the status conference. Plaintiffs' counsel indicates he is unsure what documents he has received from Defendant in response to this request and does not challenge Defendant City of Fayetteville's assertion that it has complied with the request. Accordingly, Plaintiff's motion to compel is denied as to this request.

*Request for Production No. 11*

This request seeks all transcripts and videos of all sessions of the Fayetteville City Council since January 1, 2005, in which "any issue was raised concerning the Fayetteville City Police Department." The liability of Defendant City of Fayetteville is derivative of predicate acts concerning false arrest, malicious prosecution, excessive force and civil conspiracy. This request fails for the same reasons stated by the court in Request for Production No. 6. Accordingly, Defendant City of Fayetteville's objections to this request are sustained and Defendant City of Fayetteville is not required to respond to this request.

*Request for Production No. 12*

This request seeks copies of all city maps designating zones or patrol areas since 2005 and

19

identification of geographic locations considered to be "hot spots." Plaintiffs have alleged Defendant City of Fayetteville instituted a law enforcement policy and practice that involved the identification of certain geographical locations or "hot spots" within Fayetteville wherein Defendants instituted an aggressive law enforcement presence with the full knowledge of widespread abuse of African-Americans. [DE-129] at 29; [DE-84-4] at 11. The discovery of the designated patrol zones, and "hot spots" within such patrol zones, is reasonably calculated to lead to the discovery of admissible evidence. Defendant City of Fayetteville indicated at the status conference that it would produce a map indicating the patrol zones on the date of the alleged incident, April 17, 2011. Accordingly, Defendant City of Fayetteville is directed to produce a copy of a patrol zone map in effect on April 17, 2011.

*Request for Production No. 13*

This request seeks "all 911 calls and/or CAD Reports (communication transmissions recordings and documents from the Fayetteville City Police Department) that were made on April 17, 2011 and/or thereafter involving the traffic accident involving the Plaintiff [LaTonja Johnson] and/or any event involving the arrest of Plaintiff Darwin Johnson." Defendant City of Fayetteville has agreed to produce non-privileged reports, recordings and documents made on April 17, 2011 or thereafter that are in the City of Fayetteville's custody or control concerning the traffic accident involving Plaintiff LaTonja Johnson and/or the arrest of Plaintiff Darwin Johnson. [DE-84-6] at 23. At the status conference, Defendant City of Fayetteville indicated that 911 records are destroyed after 30 days and that Defendant has produced all documents responsive to the instant discovery request. Plaintiff does not challenge Defendant City of Fayetteville's assertion. Accordingly, Plaintiff's motion is denied as to this request.

*Request for Production No. 14*

This request seeks "all documents since January 1, 2007" contained in the personnel files of each Fayetteville City Police Officer subjected to a complaint and/or investigation involving "excessive force, biased based policing, racial harassment, illegal (consent) search, false arrest, and/or an illegal search." This request is overly broad to the extent it seeks documents unrelated to the predicate acts that are the basis of Defendant City of Fayetteville's derivative liability in this case. Accordingly, Defendant City of Fayetteville is directed to produce responsive documents for those police officers against whom a complaint was made or who were investigated regarding claims of false arrest, excessive force, malicious prosecution or civil conspiracy.

*Request for Production No. 15*

Defendant City of Fayetteville indicates that it has complied fully with this discovery request. Plaintiff does not challenge Defendant City of Fayetteville's assertion. Accordingly, Plaintiff's motion is denied as to this request.

*Request for Production No. 16*

This request seeks "all summary of Biased Based Complaints prepared since 2004." The request seeks the discovery of complaints of bias of all sorts and against others than Defendant City of Fayetteville and its police officers and is, therefore, overly broad. The request is also cumulative of other requests to the extent it seeks documents related to complaints and investigations of false arrest, malicious prosecution, excessive force and civil rights conspiracy - the predicate acts providing the basis of Defendant City of Fayetteville's derivative liability and the parameters of a request that is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendant City of Fayetteville's objections to this request are sustained and Defendant City of

21

Fayetteville is not required to respond to this request.

*Request for Production No. 17*

This request seeks discovery of training aids, policies and materials used by the Fayetteville City Police Department in training police officers. Defendant City of Fayetteville has agreed to produce non-privileged training aids, policies and materials, including lesson plans and training guides used in training police officers in areas of excessive force, searches, use of force, probable cause and false reporting. [DE-84-6] at 29. Plaintiff Darwin Johnson's request is in part cumulative of his Request for Production No. 7, in response to which Defendant City of Fayetteville will produce documents. The discovery of material relied upon by Defendant is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendant City of Fayetteville is directed to provide training aids, policies and materials used by the Fayetteville City Police Department at the time of the incident alleged in the complaint to the extent such materials have not already been produced.

*Request for Production No. 19*

This request seeks all "Traffic Stop Reports (TSR)" since 2004. The allegations contained in the Amended Complaint do not concern traffic stops by the Fayetteville City Police Department. Discovery of traffic stop reports since 2004 is, therefore, not likely to lead to the discovery of admissible evidence as to a claim or defense in this case. Accordingly, Defendant City of Fayetteville's objections to this request are sustained and Defendant City of Fayetteville is not required to respond to this request.

*Request for Production No. 21*

This request seeks "each and every correspondence" sent by or to any agent or employee of

22

Defendant City of Fayetteville, including the Mayor, members of City Council and the Fayetteville City Police Department, from January 1, 2009 that refers to any police practice, policy or activity. This request is overly broad to the extent it seeks correspondence regarding any police practice. This request is also overly burdensome for the reasons stated by the court in Request for Production No. 6. Accordingly, Defendant City of Fayetteville's objections to this request are sustained and Defendant City of Fayetteville is not required to respond to this request.

3. Plaintiffs' Requests For Admission

*Plaintiff Darwin Johnson's First Requests for Admission [DE-84-3].*

Defendant City of Fayetteville has advised of its intention to supplement Request Nos. 1 and 11 and Defendant is directed to respond thereto. Plaintiffs' Request Nos. 2-10 relate to data concerning traffic stops performed by the Fayetteville City Police Department and are, therefore, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendant City of Fayetteville's objections to Request Nos. 2-10 are sustained and Defendant City of Fayetteville is excused from responding.

*Plaintiff Latonja Johnson's First Requests for Admission [DE-84-8].*

Plaintiff LaTonja Johnson's Request Nos. 11, 12, 14, and 15 are relevant and Defendant City of Fayetteville is directed to respond. Defendant City of Fayetteville's objection to Request No. 13 is sustained as overly broad and not relevant to the claims and allegations in this case. Accordingly, Defendant City of Fayetteville is excused from responding to Request No. 13, but is directed to respond to all other requests.

23

## B.     Plaintiff Darwin Johnson's Second Motion to Compel [DE-112].[6]

Plaintiff Darwin Johnson has filed a motion to compel Defendant Koehler to produce documents in response to Plaintiff's First Request for Production of Document Nos. 1-3, 5, 7, and 11-13. [DE-112-1]. Defendant Koehler has responded to the motion asserting several objections. [DE-126].

*Request for Production No. 1*

This request seeks Defendant Koehler's personnel file. Defendant Koehler indicated at the conference that he has produced the portion of the OPS files on use of force, excessive force, and false arrest, but has not produced files within Defendant Koehler's OPS file that are outside those areas of conduct. The court finds the instant request seeking the entire contents of Defendant Koehler's personnel file to be relevant to the allegations in this case. Accordingly, Defendant Koehler is directed to produce documents responsive to the instant discovery request, including portions of the file dated after April 17, 2011, the date of the alleged incident.

*Request for Production No. 2*

This request seeks all Traffic Stop Reports ("TSR") for each calendar year Defendant Koehler was employed. Based on the court's previous discussion and rulings regarding the parameters of discovery, discovery requests seeking information on traffic stop data are not relevant. Accordingly, Defendant Koehler's objections to this request are sustained and Defendant Koehler is not required to respond.

---

[6] At the status conference, the court addressed the requests contained in the instant motion to compel in the order they appeared in Plaintiff Darwin Johnson's memorandum in support of his motion to compel. [DE-112-1].

*Request for Production No. 3*

This request seeks all data within the Record Management System identifying traffic stops made by Defendant Koehler. For the same reasons stated in Request for Production No. 2, this request is not relevant. Accordingly, Defendant Koehler's objections to this request are sustained and Defendant is not required to respond.

*Request for Production Nos. 5 and 7*

Request for Production No. 5 seeks complaints made to Defendant City of Fayetteville and the Fayetteville City Police Department against Defendant Koehler regarding "unlawful search, false statements, unlawful seizure, unlawful entry, excessive force, deprivation of a liberty interest without due process, racial harassment, biased based policing, invasion of bodily integrity, false arrest/imprisonment, consent search, and /or conspiracy to violate civil rights." Request for Production No. 7 seeks the complete investigative files relating to Defendant Koehler. Both of these requests seek information covered previously in Request for Production No. 1 and are, therefore, cumulative. To the extent responsive information exists, such information will be produced in response to Request for Production No. 1. Accordingly, Defendant Koehler is not required to respond to this request.

*Request for Production Nos. 11 and 12*

These requests seek production of Defendant Koehler's criminal records in the State of North Carolina and Ohio where Defendant Koehler has resided. The requests are relevant and Defendant Koehler's objections to providing responsive documents are overruled. Accordingly, Defendant Koehler is directed to provide documents responsive to these requests.

25

*Request for Production No. 13*

This request seeks psychological evaluations of Defendant Koehler. The requested documents are relevant to Plaintiffs' claim of negligent hiring/retention/supervision and, in particular, to the issue of notice to Defendant Koehler's employer. Documents corresponding to a period of time after April 17, 2011, however, are beyond the scope of reasonably calculated discovery. Defendant Koehler's objections to providing documents responsive to this request are sustained in part and overruled in part. Accordingly, Defendant Koehler is directed to produce responsive documents corresponding to the time period on or before April 17, 2011.

## C.     Sanctions under Rule 37.

Although Plaintiffs' motions to compel are being allowed in part, the court finds that an award of expenses is not warranted because Defendants' objections to the discovery requests were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Accordingly, the court declines to award any expenses incurred in connection with the motions.

## D.     Plaintiffs' Motion for Waiver of Objection Provision [DE-86].

Plaintiffs' motion seeks a protective order from the court preserving Plaintiffs' objections to Defendant St. John's written discovery requests despite Plaintiffs' untimely discovery responses. At the status conference, counsel for Plaintiffs and for Defendant St. John agreed that based upon the district court's dismissal of several of Plaintiff Latonja Johnson's claims against Defendant St. John, Plaintiffs' motion is moot. Accordingly, Plaintiffs' motion [DE-86] is DENIED AS MOOT.

## E.     Plaintiffs' Motion to Enlarge Time to Conduct Depositions [DE-94].

In light of the court's ruling on discovery and for reasons discussed during the status conference, case deadlines, including discovery deadlines, will be amended through a separate order.

Plaintiffs' motion [DE-94] is therefore DENIED AS MOOT.

**F.     Remaining motions.**

In light of the ruling of this court directing the production of certain discovery and an extension of discovery and other case deadlines, Defendants' Motion to Quash Subpoena [DE-109], Plaintiffs' Motion to Subpoena Medical and Personnel Records of Defendant Shane Koehler [DE-113], and Plaintiffs' Motion to Quash Defendants' Deposition Notice and Subpoena of Melvin Tucker [DE-138] are DENIED WITHOUT PREJUDICE.

## III. CONCLUSION

For the reasons set forth above, the court ALLOWS IN PART and DENIES IN PART Plaintiff Darwin Johnson's Motion to Compel Discovery [DE-84] and Plaintiff Darwin Johnson's Second Motion to Compel [DE-112]. All discovery to be supplemented or produced as required by this order must be produced on or before August 30, 2013. Additionally, for the reasons stated above, Plaintiffs' Motion for Waiver of Objection Provision [DE-86] and Plaintiffs' Motion to Enlarge Time to Conduct Depositions [DE-94] are DENIED AS MOOT. Further, Defendants' Motion to Quash Subpoena [DE-109], Plaintiffs' Motion to Subpoena Medical and Personnel Records of Defendant Shane Koehler [DE-113], and Plaintiffs' Motion to Quash Defendants' Deposition Notice and Subpoena of Melvin Tucker [DE-138] are DENIED WITHOUT PREJUDICE.

So ordered, this 29th day of May, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge

27