IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:12-cv-00456-F

| | |
|---|---|
| DARWIN JOHNSON, et al, )<br><br>Plaintiffs, )<br><br>v. )<br><br>CITY OF FAYETTEVILLE, et al )<br><br>Defendants. ) | **RESPONSE TO PLAINTIFFS' OBJECTION TO AND APPEAL FROM ORDER OF MAGISTRATE JUDGE** |

Plaintiffs' Objection and Appeal should be overruled and the Magistrate Judge's May 29, 2013 Order (DE 142) (the "Magistrate Judge's Order") should be affirmed and adopted in its entirety because it is neither clearly erroneous nor contrary to law. Moreover, most of the arguments Plaintiffs put forth, like documents they use in connection with such arguments, were not included with either of Plaintiffs' motions to compel and should, therefore, be deemed waived.

**RELEVANT PROCEDURAL BACKGROUND**

On September 5, 2012, Plaintiffs filed their First Amended Complaint. (DE 30)

On September 19, 2012, Defendant Heather Nicole St. John filed a Motion to Dismiss Plaintiffs First Amended Complaint under Rule 12(b)(6). (DE 35) On October 24, 2012, Defendants City of Fayetteville, Shane Koehler, Jennifer L. Rodriguez, Phyllis Jernigan, Thomas Bergamine and Dale Iman (collectively "Responding Defendants") filed a Motion to Dismiss most of Plaintiffs' claims for failure to state a claim upon which relief can be granted (DE 60), along with their Amended Answer to the First Amended Complaint. (DE 63)

The discovery period in this action commenced when the parties completed the Rule 26(f) discovery conference on September 25, 2012. (DE 45) On November 29, 2012, Plaintiffs served their first written discovery requests on the City of Fayetteville (the "City"). (DE 147-2, DE 147-4, DE 147-5) They served their first written requests on Officer Koehler on January 6, 2013. (DE 94) When they were served, Plaintiffs' discovery requests were over-reaching. The City and Officer

Koehler each objected to the breadth of Plaintiffs' overbroad requests and attempted to limit the requests in good faith so that documents relevant to Plaintiffs' claims could be identified and produced.

On February 2, 2013, Plaintiffs filed their First Motion to Compel.  ([DE 147-2](#))  On March 16, 2013, Plaintiffs filed their Second Motion to Compel.  ([DE 112](#))

On March 28, 2013, the Court entered an order, *inter alia*, granting in part and denying in part Heather St. John's Motion to Dismiss and granting in part and denying in part Responding Defendants' Motion to Dismiss (the "March 28 Order").[1]  Among other things, the March 28 Order specifically limited the City of Fayetteville's derivative liability as to Plaintiffs' § 1983 claims of widespread discriminatory policy to Defendant Koehler's alleged predicate acts of false arrest, malicious prosecution, excessive force, and civil conspiracy and Defendant Rodriguez's predicate act of civil conspiracy. ([DE 129](#) at 28–30, 37)

On May 17, 2013, a status conference was held before Magistrate Judge Robert B. Jones, Jr., during which the Court heard the parties regarding discovery issues and pending motions.  ([DE 142](#))  On May 29, 2013, the Court entered the Magistrate Judge's Order, granting in part and denying in part Plaintiffs' motions to dismiss.  The Magistrate Judge's Order limited the scope of many of Plaintiffs' overbroad discovery requests so that the requests were consistent with the Court's March 28 Order.  On June 12, 2013, Plaintiffs filed their "Objection and Appeal from the Magistrates [sic] Judge's May 29, 2013 Discovery Order on Informal Discovery Conference ([DE 144](#))" ([DE 147](#)) ("Plaintiffs' Objection and Appeal").

## **STANDARD OF REVIEW**

A magistrate judge has the authority to enter a final order as to nondispositive pretrial matters.  *See* Local Civil Rule 72.4; Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1).  As to such matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly

---

[1] The March 28 Order also disposed of other motions, which are not directly pertinent to Plaintiffs' Objection and Appeal.

erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). A "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, *reh'g denied*, 333 U.S. 869, 68 S.Ct. 788 (1948). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Clay v. Consol Pennsylvania Coal Co., LLC*, Case No. 5:12CV92, 2013 WL 2147455, *1 (N.D.W.Va. May 15, 2013)[2] (citing *Detection Sys ., Inc. v. Pittway Corp.,* 96 F.R.D. 152, 154 (W.D.N.Y.1982)).

## ARGUMENT

Plaintiffs' Objection and Appeal should be overruled because it does not demonstrate that any part of the Magistrate Judge's Order is clearly erroneous or contrary to law. On the contrary, most of Plaintiffs' arguments are based on mischaracterizations of fact—mostly without any evidentiary support—and documents which were not filed with Plaintiffs' motions to compel. Consequently, those arguments should be deemed waived. Even if Plaintiffs had not waived these arguments, they would fail anyway because are not relevant to Plaintiffs' actual claims and they do not demonstrate any error by the Magistrate Judge.

Plaintiffs' identify four categories of information to which they claim they are entitled: (1) Traffic Stop Report Data; (2) Biased Based Policing Data regarding training, complaints and investigations; (3) internal communications between City policy makers; and (4) post incident medical information. (Objection and Appeal p.2) Plaintiffs are incorrect. As detailed below, the Magistrate Judge's Order properly denied or limited discovery in these areas based on the claims in the case.

---

[2] Pursuant to Local Civil Rules 7.2(c) and (d) decisions published outside certain published sources and unpublished decisions are furnished to the Court and to opposing parties as **Exhibit A** hereto.

**A.** **Plaintiffs' Objection and Appeal Should be Denied Because it is Based Almost Entirely on Arguments and Materials That Were Not Clearly Presented to the Magistrate Judge; Therefore Such Arguments Should Be Deemed Waived.**

Plaintiffs' Objection and Appeal addresses rulings made by Magistrate Judge Jones on discovery disputes raised in two motions to compel.  Local Civil Rule 7.1(d) provides that "[w]here appropriate, motions shall be accompanied by affidavits or other supporting documents."  Plaintiffs' motions to compel were filed only with copies of the discovery requests and responses at issue. (*See* DE 84, DE 112)  Neither the motions nor the supporting briefs contain most of the arguments Plaintiffs now advance in support of their appeal.  (*Compare* DE 84-9 and DE 112-1 *with* DE 147) Nor did Plaintiffs include the documents they now attempt to put before the Court on appeal to support such arguments.  (*See, e.g.*, DE 147-14, DE 147-15, DE 147-16, DE 147-17, DE 147-18, DE 147-19, DE 147-20, DE 147-21, DE 147-22)

 "Just as parties cannot present arguments to the appellate court that they did not raise before to the district court, parties must take before the magistrate, not only their best shot but all of their shots."  *Ridenour v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 679 F.3d 1062 (8th Cir. 2012) (citation omitted); *see also* MOORE'S FEDERAL PRACTICE, § 72.06[3], p.72-31 (3d ed. 2013) ("[a] party is required to present all arguments to the magistrate judge or risk waiver . . . a party will not be permitted to raise arguments in objections to a report and recommendation that were not clearly presented to the magistrate judge").  Because Plaintiffs' arguments as to why they are entitled to the discovery they seek were not included in their briefs they should be deemed waived. *See Loucil-Rivera v. Hospital Metropolitano Dr. Susoni*, Civil No. 10–1075 (JAG). 2012 WL 3776998. *5 (D.Puerto Rico Aug. 29, 2012) (citations omitted).

**B.** **The Magistrate Judge's Order Related to Traffic Stop Information Should Be Affirmed.**

The Magistrate Judge's Order denied Plaintiffs' motions to compel with respect to a number of requests for information related to traffic stop reports.  In denying Plaintiffs' motion to compel the

City to provide "all 'Traffic Stop Reports (TSR) since 2004," and to respond to Request for Admission Nos. 2-10 and 13, which "relate to data concerning traffic stops performed by the Fayetteville City," and to Request for Production Nos. 2 and 3 to Koehler, Magistrate Judge Jones found that the allegations contained in the Amended Complaint do not concern traffic stops by the Fayetteville City Police Department and, therefore, requests seeking such information are overly broad and not likely to lead to the discovery of admissible evidence. (*See* Magistrate Judge's Order, pp.22, 23, 24)

The Magistrate Judge's Order also states:

> After a detailed discussion between the parties and the court at the May 17, 2013 status conference, the court emphasizes that the court's usage of the term "traffic investigation" is intentional and connotes a specific meaning within this case for the purposes of discovery. The facts of this case, as alleged by Plaintiffs, involve a traffic investigation and not a traffic stop. A traffic investigation is limited to situations whereby a police officer is called and responds to a traffic incident that has already occurred—the very circumstances alleged in this case. A traffic stop is where a police officer initiates his own involvement rather responds to an existing situation. Therefore, the term "traffic investigation" is used to the exclusion of "traffic stop."

(Magistrate Judge's Order, n.4 p.10)

This finding is both correct and consistent with the allegations in Plaintiffs' Amended Complaint. Indeed, *all* of the allegations supporting Plaintiffs' "widespread discriminatory" policy claim concern traffic investigations, not traffic stops. (*See* Am. Comp. [DE 30] ¶¶102-120) The incident from which Plaintiffs' claim arises concerns a traffic investigation-- not a traffic stop. (*See, e.g.*, Am. Comp. ¶1) ("Plaintiffs . . . bring this civil rights action pursuant to 42 USC §1983. . . for damages sustained . . . *during a traffic investigation*") (emphasis added).

Further, the Court's March 28 Order explicitly recognized that Plaintiff's widespread discriminatory policy claim is based on allegations concerning "the use of excessive force and unreasonable searches and seizures on African American citizens during ordinary and routine

*traffic investigations.*" (*Id.* pp.29-20) (emphasis added).[3]   In the March 28 Order, the Court

dismissed some claims altogether and limited others in an effort to "narrow and define the issues

before trial." (March 28 Order n.3 p.2)[4]   Absent an order to the contrary, Plaintiffs are not entitled

to conduct discovery on matters that are not relevant to any of their claims (or any defenses).

Fed.R.Civ.P. 26(b)(1). Plaintiffs overlook both this and the fact that their claims are limited by what

is alleged in the Amended Complaint, and further by the Court's March 28 Order.   Plaintiffs'

mentioning (and mischaracterization) of documents that were not filed with their motions to

compel[5] does not change this.   It certainly does not show that the Magistrate Judge's Order is

clearly erroneous or contrary to law.  The Magistrate Judge's Order should be affirmed accordingly.

**C.**     **The Magistrate Judge's Order Related to "Biased Based Policing" Should Be
Affirmed.**

As noted above, under Rule 26(b)(1), discovery is limited to "nonprivileged matter that is

relevant to any party's claim or defense." *Id.*  As recognized in the Magistrate Judge's Order, the

Court's March 28 Order "limits the City of Fayetteville's derivative liability as to Plaintiffs' § 1983

claims of widespread discriminatory policy to Defendant Koehler's alleged predicate acts of false

arrest, malicious prosecution, excessive force, and civil conspiracy and Defendant Rodriguez's

predicate act of civil conspiracy." (Magistrate Judge's Order p.10) (citing March 28 Order at 28–30,

37)  Accordingly, the Magistrate Judge's Order limited Plaintiffs' laundry list of categories to those

---

[3] The Court's March 28 Order also identified Plaintiffs' allegations concerning "a widespread law
enforcement policy and practice that involves the identification of certain geographic areas within
the Fayetteville community wherein the [FCPD] instituted an aggressive law enforcement
presence" (a/k/a "hot spots") as a basis for Plaintiffs' widespread discriminatory policy claim and
the Magistrate Judge's Order allows discovery on this topic accordingly. (*See, e.g.*, Magistrate
Judge's Order pp.19-20)

[4] Such clarification is "particularly important where, as here, [Plaintiffs submitted] a shotgun
complaint with multiple plaintiffs asserting multiple claims against multiple defendants" and
"Plaintiffs' attorney-drafted Amended Complaint and responses in opposition to [various motions]
contain many inconsistencies, omissions, and ambiguities that create unneeded confusion with
Defendants and the court." (*Id.* n.2-3 p.2 )

[5] *See* section A, *supra*.  The documents Plaintiffs use in support of their argument that they are
entitled to all traffic stop data—exhibits D-1, D-2, D-3, C-2 and C-3—all fall into this category.

which were relevant to Plaintiffs' surviving claims, e.g., unlawful search, unlawful seizure, excessive force, false arrest/imprisonment, conspiracy to violate civil rights and malicious prosecution. (*See e.g.,* Magistrate Judge's Order pp.9-10)

For instance, Interrogatory Nos. 9 and 10 sought "the identity of and information regarding Fayetteville City Police Officers who have issued a large percentage of traffic citations between 2007–2012." (*Id.* pp.13-14)  The Magistrate Judge properly denied Plaintiffs' motion as to these requests because "[n]one of the alleged predicate acts concerns the issuance of traffic citations nor do any of the alleged facts in the complaint contemplate traffic citations."  (*Id.*)  The Magistrate Judge further found that these interrogatories were "overly broad and therefore not reasonably calculated to lead to the discovery of admissible evidence."  (*Id.* p.14)

Plaintiffs argue that the Magistrate "erred in ruling that Biased Based Policing data was overly broad and not relevant [because] this limitation failed to appreciate the scope and magnitude of the false accusations by Defendant St. John."  (DE 147 p.6)  What Plaintiffs fail to appreciate is that (a) the requests were overly broad on their faces and (b) the scope of discovery is limited to information relevant to their claims.  *See* Fed. R. Civ. P. 26(b)(1).[6]

Plaintiffs do not cite a single case to support their contentions.  Instead, they improperly seek to put documents before the Court now that were not filed with either of the motions to compel.  This they cannot do.[7]  Even if the materials were properly before the Court, they would not alter the claims in the Amended Complaint.  Nor would they help Plaintiffs' cause because there is no clear error in the Magistrate Judge's Order.

On the contrary, a review of the order shows that the Magistrate Judge properly limited Plaintiffs' requests.  Plaintiffs' suggestion that the requests at issue were "narrowly tailored" is

---

[6] Plaintiffs also fail to appreciate that Defendant St. John is not a police officer and the discovery at issue was not served on her; it was served on the City.

[7] For the reasons explained in section A, *supra*, Plaintiffs' arguments not voiced in their motions to compel or based on Exhibit C-2, Exhibit E and Exhibit H, which were not included with those motions should be deemed waived.

plainly contradicted by the requests themselves. For instance, Request for Production No. 16 sought "[a]ll summary [sic] of Biased Based Complaints prepared since 2004." The Court sustained the City's objections because:

> The request seeks the discovery of complaints of bias of all sorts and against others than Defendant City of Fayetteville and its police officers and is, therefore, overly broad. The request is also cumulative of other requests to the extent it seeks documents related to complaints and investigations of false arrest, malicious prosecution, excessive force and civil rights conspiracy-the predicate acts providing the basis of Defendant City of Fayetteville's derivative liability and the parameters of a request that is reasonably calculated to lead to the discovery of admissible evidence.

(Magistrate Judge's Order, p.21)

Plaintiffs' arguments ignore the Amended Complaint and the rationale set forth in the Magistrate Judge's Order for the limitations it puts on Plaintiffs' discovery in favor of unsupported arguments concerning facts that are not relevant to this lawsuit (and not properly before the Court). Plaintiffs fail to acknowledge that the Magistrate Judge granted Plaintiffs' motion with respect to Request for Production Nos. 5, 14, 17 but removed categories of information that are not the bases for Plaintiffs' claims.[8] (Magistrate Judge's Order pp.16, 21-22) Plaintiffs have not shown that the Magistrate Judge's Order is clearly erroneous or contrary to law with respect to these requests.

**D.      The Magistrate Judge's Order Should Be Affirmed as to Requests for Production Nos. 6 & 21.**

Request for Production No. 6 seeks *every piece of correspondence*— from email to personal notes—sent by or to *any* agent or employee of the City of Fayetteville relating to ***any administrative matter*** concerning the Police Department or any of its members in the last nine

---

[8] The only limitation the Magistrate Judge's Order puts on Request for Production No. 7 is temporal—allowing discovery of information only from the four years prior to the incident. Plaintiffs also fail to mention that the Court did not deny Plaintiffs' motion as to Request for Production Nos. 5 and 7 to Koehler. Rather, the Court recognized that any documents responsive to those requests will be produced in response to Request for Production No. 1. (*See* Magistrate Judge's Order p.25) The propriety of the Magistrate Judge's Order as to Request for Admission Nos. 2-10 and 13 is discussed in section B, *supra*. To the extent Plaintiffs suggest they are entitled to discovery related to those documents because Plaintiffs say they touch on the subject of "biased based policing," Plaintiffs are incorrect for the same reasons discussed in this section as to the other requests.

years.  (See DE 147-4, p.8) (bolded text in original)  Request No. 21 is likewise absurdly overbroad in that it seeks the same types of documents as Request No. 6, over the same time period, which refer, relate or allude to *any* police practice, policy or activity.  (*Id.* p.13)  The Magistrate Judge's Order properly sustained the City's objections to these requests because they are overly broad, unduly burdensome and because the benefits to be obtained by allowing such discovery are outweighed by the burdens and expenses involved.  (Magistrate Judge's Order pp.17, 23); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Plaintiffs' Objection and Appeal concedes these requests are overbroad (Objection and Appeal p.9) but does not understand the reason why.  As the Magistrate Judge's Order correctly recognizes, Plaintiffs' proposed temporal limitation would not alter the burdensomeness of the requests. (Magistrate Judge's Order p.17)  Plaintiffs' objection should be overruled.

**E.      The Magistrate Judge's Order Should Be Affirmed as to Requests for Production No. 13.**

Request No. 13 sought "any and all psychological evaluations that have been initiated upon Defendant Shane Koehler."  (DE 147-12 p.9)  Officer Koehler agreed to produce non-privileged psychological evaluations in his possession, custody or control that were performed upon Koehler prior to April 17, 2011 [the date the incident took place]."  (*Id.*)  Plaintiffs argue that Officer Koehler's records from *after* this date are relevant as to notice to the City.  (Objection and Appeal p.10)  Plaintiffs are wrong.  To prove notice a plaintiff must prove that "*prior to* the [employee's tortious] act, the employer knew or had reason to know of the employee's incompetency.'"  *See Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 337 (4th Cir. 2009) (emphasis added).  This is logical since a person cannot be on notice of something that has not yet happened.  Accordingly, the Magistrate Judge correctly ruled that "[d]ocuments corresponding to a period of time after April 17, 2011. . . are beyond the scope of reasonably calculated discovery.  (Magistrate Judge's Order p.26)  Plaintiffs' Objection and Appeal identifies no authority to support the arguments Plaintiffs assert.   They provide no evidentiary support for their allegations of

supposed fact.[9]  They in no way show that the Magistrate Judge's Order is clearly erroneous or contrary to law.  Plaintiffs' objection should be overruled.

## CONCLUSION

For the above-stated reasons, Plaintiffs' Objections to and Appeal from the Magistrate Judge's May 29, 2013 Order on Plaintiffs' motions to compel should be overruled, and the May 29, 2013 Order of should be affirmed and adopted in its entirety.

This the <u>28th</u> day of June, 2013.

<div style="margin-left: 40%;">

/s/ Christopher M. Thomas
James C. Thornton
N.C. Bar No. 16859
jamesthornton@parkerpoe.com
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
P.O. Box 389
Raleigh, NC  27602-0389
Telephone:    (919) 828-0564
Facsimile:    (919) 834-4564

*Attorneys for Defendants City of Fayetteville, Shane Koehler, Jennifer Rodriguez, Phyllis Jernigan, Dale Iman and Thomas Bergamine*

</div>

---

[9] For the reasons explained in section A, *supra*, Plaintiffs' arguments that are not voiced in their motions to compel or that are based on Exhibit G, Exhibit K, Exhibit J and Exhibit C, which were not included with those motions should be deemed waived.

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this date the foregoing **RESPONSE TO PLAINTIFFS' OBJECTION TO AND APPEAL FROM ORDER OF MAGISTRATE JUDGE** was served through CM/ECF on the following:

James H. Locus, Jr.
P.O. Box 331
Fayetteville, NC 28302
locuslaw@aolcom
*Attorney for Plaintiffs*

David L. Levy, Esq.
Hedrick Gardner Kinchelo & Garofalo LLP
Post Office Box 30397
Charlotte, NC 28230
Email: dlevy@hedrickgardner.com
*Attorney for Defendant Heather Nicole St. John*

This <u>28th</u> day of June, 2013.

<u>/s/ Christopher M. Thomas</u>
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
P.O. Box 389
Raleigh, NC 27602-0389
Telephone:     (919) 828-0564
Facsimile:      (919) 834-4564