IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF NORTH CAROLINA
WESTERN DIVISION

No: 5:12-CV-456-F

| | |
|---|---|
| DARWIN JOHNSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CITY OF FAYETTEVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on *Plaintiffs' Motion to Subpoena Medical and Personnel Records of Defendant Shane Koehler* [DE-150] and *Plaintiffs' Motion to Clarify the Court's May 29, 2013 Discovery Order*. [DE-151]. This matter has been referred here in accordance with 28 U.S.C. § 636(b)(1)(A). Responsive briefing is complete and the matters are ripe for disposition. For the reasons set forth below, Plaintiffs' motions are DENIED.

## BACKGROUND

On September 5, 2012, Plaintiffs Darwin Johnson, LaTonja Johnson, and Brenda Johnson Mathis filed an Amended Complaint [DE-30], containing several causes of action arising under 42 U.S.C. § 1983 and § 1985, the North Carolina Constitution and state tort law against various defendants. The claims contained in the Amended Complaint stem from an alleged incident between Plaintiffs and municipal law enforcement officers on April 17, 2011 in a parking lot of a local McDonald's restaurant. Thereafter, Defendant Heather Nicole St. John filed a motion to dismiss on September 19, 2012 [DE-35] and Defendants City of Fayetteville, Officer Shane Koehler, Detective Jennifer Rodriguez, Sergeant Phyllis Jernigan, Chief Thomas Bergamine, and Dale Iman filed a separate motion to dismiss [DE-59] on October 24, 2012. In a March 28, 2013 Order [DE-129], the

court ruled on the pending motions to dismiss, resulting in the following claims remaining in this action:

1. **Defendant St. John:** Plaintiff Darwin Johnson's § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy. Plaintiff LaTonja Johnson's claim for negligence.

2. **Defendant Koehler in his Individual Capacity:** Plaintiff Darwin Johnson's (1) § 1983 claims for false arrest (unreasonable seizure), excessive force, and malicious prosecution; (2) § 1985 claim for civil conspiracy; and (3) state law claims of IIED, assault and battery, and false imprisonment. Plaintiff Mathis' (1) § 1983 claim of excessive force; (2) § 1985 claim for civil conspiracy; and (3) state law claim for assault and battery.

3. **Defendant Rodriguez in her Individual Capacity:** Plaintiff Darwin Johnson's § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy.

4. **Defendant City of Fayetteville:** Plaintiffs Darwin Johnson and Mathis' state law claim of negligent hiring, retention, supervision, training, and discipline.

5. **Defendant City of Fayetteville, and Defendants Bergamine and Iman in their Individual Capacity:** Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative § 1983 and § 1985 claims based on these remaining predicate claims asserted against Defendant Koehler due to their negligent hiring of and failure to train Defendant Koehler, as well as Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative § 1983 and § 1985 claims based on these remaining predicate claims asserted against Defendants Koehler and Rodriguez due to the institution and maintenance of a widespread discriminatory policy.

Order [DE-129] at 37.

While the motions to dismiss were pending, Plaintiff Darwin Johnson served Defendant City of Fayetteville with his written discovery requests, and he served his First Request for Production of Documents upon Defendant Koehler. Both the City and Koehler asserted objections to Plaintiff Darwin Johnson's requests. Thereafter, Plaintiff Darwin Johnson filed two motions to compel [DE-84; DE-112]. One of the requests subject to the motion to compel was the discovery of

2

Case 5:12-cv-00456-F   Document 156   Filed 09/19/13   Page 2 of 7

psychological evaluations of Defendant Shane Koehler. According to Plaintiffs, Koehler had been diagnosed with post-traumatic stress disorder (PTSD) and Plaintiffs sought to discover to what extent Koehler's supervisors knew of his mental condition. [DE-112-1] at 9. On May 29, 2013, the undersigned ruled that the requested documents were relevant to Plaintiffs' surviving claim of negligent hiring/retention/supervision and, in particular, to the issue of notice to Defendant Koehler's employer. [DE-144]. This court ruled further that documents corresponding to a time after April 17, 2011 were beyond the scope of reasonably calculated discovery. *Id.* Accordingly, this court directed Defendants "to produce responsive documents corresponding to the time period before April 17, 2011." *Id.* at 26. Upon appeal of the order, the District Court sustained the ruling, holding that "Plaintiffs do not need any psychological evaluations of defendant Koehler prepared after April 17, 2011 in order to gather evidence regarding his supervisors' actions in light of this knowledge." [DE-155] at 14.

## PLAINTIFFS' MOTIONS[1]

1.   Plaintiffs' Motion for the Issuance of Subpoenas

Plaintiffs move the court to sign four blank subpoenas authorizing Plaintiffs to request the release of the personnel and/or medical records of Defendant Shane Koehler. [DE-150] at 1. According to their motion, Plaintiffs seek these records in order to examine Defendant Koehler's PTSD diagnosis "to determine how he had been evaluated and examined by his military supervisors and other health care providers following any incidents that may have contributed to his condition." *Id.* at 2. Plaintiffs request that four blank subpoenas be signed by the court authorizing Plaintiffs to

---

[1] Plaintiffs' motions were filed before the parties had the benefit of the issuance of the District Court's Order affirming in part and reversing in part the undersigned's ruling on Plaintiffs' motions to compel.

3

obtain records from four entities, two of which are located in Fayetteville, North Carolina, one is located in Winston-Salem, North Carolina and one is located in St. Louis, Missouri. *Id.* at 3. Plaintiffs do not indicate in their motion how production of the records is to be made.

2.   Plaintiffs' Motion to Clarify

In the second motion, Plaintiffs seek "the assistance of the court in clarifying its ruling regarding the Plaintiffs' entitlement to obtain the medical records of Defendant Shane Koehler regarding Dr. Shabbir Chowdbury."[2] [DE-151] at 1. According to Plaintiffs' motion, Koehler acknowledged that he was diagnosed with PTSD sometime in April 2011 by Dr. Chowdbury. *Id.* The Plaintiffs state that their motion was filed in order to verify whether Dr. Chowdbury's treatment and diagnosis of Koehler was provided before April 17, 2011, and Plaintiffs state further that they do not have the means to verify the date of Koehler's diagnosis without obtaining the documentation. Plaintiffs however also indicate they seek "to obtain limited access to these records in order to verify the dates of treatment and diagnosis in April 2011" or, alternatively, "the court to direct the Defendants to produce these records in order for the court to make an in camera review regarding this question." *Id.* at 2. Finally, Plaintiffs "request they be permitted limited authority to issue a subpoena requesting [the] date of *any* diagnosis by Dr. Chowdbury or in the alternative that the Defendants produce these records for an in camera review by the court." *Id.* (emphasis added).

## ANALYSIS

1.   Plaintiffs' Motion for the Issuance of Subpoenas

---

[2] Dr. Chowdbury was identified in a subpoena to testify at a deposition attached as an exhibit to *Plaintiffs' Motion to Subpoena Medical and Personnel Records of Defendant Shane Koehler*. [DE-113-6]. The motion was denied without prejudice in light of the court's contemporaneous ruling on several of Plaintiffs' discovery requests and upon motion allowing an extension of case deadlines. [DE-144].

4

The Federal Rules of Civil Procedure provide in relevant part that it is "[t]he Clerk [of Court who] must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). An attorney may issue and sign a subpoena as an officer of a court in which he or she is authorized to practice or in the district where a deposition is to be taken or production made if authorized to practice in the court where the action is pending. Fed. R. Civ. P. 45(a)(3)(A)-(B). There is no provision in the rules for a federal judge to issue his or her own subpoena on behalf of a party. *EEOC v. Winning Team, Inc.*, No. 1:07cv310, 2008 WL 1970829, *1 (W.D.N.C. May 7, 2008); *Ricoma v. Standard Fire Ins. Co.*, No. 5:12-CV-18-D, 2013 WL 1164499, at *1 n.5 (E.D.N.C. Mar. 20, 2013). Additionally, in those cases where a subpoena is used to command the production of records, apart from commanding the appearance of a person at trial or deposition, the subpoena must be issued in the district where production is to be made. *See* Fed. R. Civ. P. 45(a)(2)(C).

As this court is without the authority to issue a subpoena to Plaintiffs, Plaintiffs' motion seeking the court to do so must be denied. Additionally, to the extent Plaintiffs seek the issuance of subpoenas in this district for the production of records to be made in Winston-Salem, North Carolina (located in the Middle District of North Carolina) and St. Louis, Missouri (located in the located in the Eastern District of Missouri), without the command for attendance at trial or deposition, such a subpoena would violate Fed. R Civ. P. 45(a)(2)(C). *See Ricoma*, 2013 WL 1164499, at *1.[3] Plaintiffs have two options though: upon securing subpoenas in compliance with

---

[3] Additionally, the court finds that Plaintiffs have failed to show under the scenario presented in their motion how a subpoena issued by the Eastern District of North Carolina could be properly served in the State of Missouri. *See* Fed. R. Civ. P. 45(b)(2); *see Ricoma*, 2013 1164499, at *2.

5

the federal rules, and assuming the subpoena has not been properly complied with, Plaintiffs may move a court to hold a non-responding subpoena recipient in contempt in accordance with Fed. R. Civ. P. 45(e), or a course may be followed whereby the subpoena recipient files a motion to quash. *See Winning Team*, 2008 WL 1970829, at *1.

    2.    Plaintiffs' Motion to Clarify

Plaintiffs' motion lends itself to different interpretations. To the extent Plaintiffs seek to modify the scope of discovery as to Kohler's psychological evaluations permitted in this court's discovery order of May 29, 2013, Plaintiffs' motion may be dispatched readily, now that the parties have the benefit of the District Court's intervening order sustaining the scope of discovery of Koehler's psychological evaluations to those which were prepared before April 17, 2011.[4] To the extent Plaintiffs seeks clarification of the order as a means to discover the date on which Koehler was diagnosed were diagnosed by Dr. Chowdbury with PTSD, it is unclear how the court's clarification of the proper scope of discovery would determine that information. Rather, to the extent Plaintiffs seek to discover the date on which the alleged PTSD diagnosis was made by Dr. Chowdbury, the Federal Rules of Civil Procedure provide a variety of ways to permissibly discover this information without court intervention. *See* Fed. R. Civ. P. 33, 34 and 45. Plaintiffs have failed to show that any of these discovery avenues have either been pursued or exhausted. Plaintiffs' motion to clarify is therefore denied.

---

[4] While Plaintiffs seem to acknowledge the court's limitation of the scope of this line of discovery to April 17, 2011, Plaintiffs also state they seek the discovery of any treatment records by Dr. Chowdbury. At this point, however, the scope of this line of discovery has been determined. [DE-155]. Therefore, to the extent Plaintiffs' motion may be construed as a motion to reopen discovery as to Koehler's psychological evaluations, such motion is denied.

6

## CONCLUSION

For the reasons stated above, Plaintiffs' motions [DE-150 & 151] are DENIED.

So ordered, the 19th day of September 2013.

*Robert B. Jones, Jr.*
Robert B. Jones, Jr.
United States Magistrate Judge