UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-456-F

| | |
|---|---|
| DARWIN JOHNSON, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CITY OF FAYETTEVILLE; et al., ) | |
| Defendants. ) | |

This matter is before the court on the Partial Motion to Dismiss Plaintiffs' Second Amended Complaint [DE-199] filed by Defendants City of Fayetteville, Shane Koehler, Jennifer Rodriguez, Phyllis Jernigan, Thomas Bergamine, Kevin Croyle, and Dale Iman (collectively, the "City Defendants"); Plaintiffs' Motion for Leave to file a Corrected Second Amended Complaint and/or to File a Third Amended Complaint [DE-202], and Plaintiffs' Motion for Extension of Time [DE-212]. For the reasons stated below, the Partial Motion to Dismiss [DE-199] is ALLOWED in part, the Motion for Leave [DE-202] is DENIED, and the Motion for Extension of Time [DE-212] is DENIED.

## I. RELEVANT PROCEDURAL HISTORY

On June 7, 2012, Plaintiffs Darwin Johnson, LaTonja Johnson, and Brenda Johnson Mathis initiated this action by filing a Complaint in the General Court of Justice, Superior Court Division, Cumberland County, State of North Carolina. The action was removed to this court on July 20, 2012. On September 5, 2012, Plaintiffs filed the Amended Complaint [DE-30], containing several causes of action arising under 42 U.S.C. § 1983 and § 1985, the North Carolina Constitution and state tort law, and naming the following as defendants: (1) City of Fayetteville; (2) Heather Nicole St. John; (3) Shane Koheler, individually; (4) Jennifer Rodriguez, individually; (5) Phyllis Jernigan,

individually; (6) Chief Thomas Bergamine, in his official capacity as Chief of FCPD and individually, and (7) Dale Iman, in his official capacity as City Manager and individually.

In a March 28, 2013, Order [DE-129], the undersigned ruled on pending motions to dismiss, resulting in the following claims remaining in this action:

1. **Defendant St. John**: Plaintiff Darwin Johnson § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy. Plaintiff LaTonja Johnson's claim for negligence.

2. **Defendant Koehler in his Individual Capacity**: Plaintiff Darwin Johnson's (1) § 1983 claims for false arrest (unreasonable seizure), excessive force, and malicious prosecution; (2) § 1985 claim for civil conspiracy; and (3) state law claims of IIED, assault and battery, and false imprisonment. Plaintiff Mathis' (1) § 1983 claim of excessive force; (2) § 1985 claim for civil conspiracy; and (3) state law claim for assault and battery.

3. **Defendant Rodriguez in her Individual Capacity**: Plaintiff Darwin Johnson's § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy.

4. **Defendant City of Fayetteville**: Plaintiffs Darwin Johnson and Mathis' state law claim of negligent hiring, retention, supervision, training, and discipline.

5. **Defendant City of Fayetteville, and Defendants Bergamine and Iman in their Individual Capacity**: Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative § 1983 and § 1985 claims based on these remaining predicate claims asserted against Defendant Koehler due to their negligent hiring of and failure to train Defendant Koehler, as well as Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative § 1983 and § 1985 claims based on these remaining predicate claims asserted against Defendants Koehler and Rodriguez due to the institution and maintenance of a widespread discriminatory policy.

March 28, 2013 Order [DE-129] p. 37.

On December 5, 2013, Plaintiffs filed a Motion for Leave to File Second Amended Complaint, and later filed a corrected Motion for Leave to File Second Amended Complaint [DE-165] on December 9, 2013. Plaintiffs sought leave, under Federal Rule of Civil Procedure 15(a)(2), to make the following substantive changes to their pleadings:

(1) The proposed amendment to the Second Complaint seeks to add Lt. Kevin Croyle

2

of the Fayetteville City Police Department as a party Defendant.

(2) In addition, the proposed amendment to the Complaint seeks to add [] new Monell allegations that Proposed Defendants City of Fayetteville, Sgt. Phyllis Jernigan and Lt. Kevin Croyle concealed/fabricated evidence during the internal investigation of the arrest of Plaintiff Darwin Johnson.

(3) The proposed Second Amended Complaint also seeks to join the Defendants Sgt. Phyllis Jernigan and Lt. Kevin Croyle in the following claims:
    (a) conspiracy, (Sec. Am. Comp. ¶¶ 145-169), and
    (b) Fourth Amendment Illegal Seizure [] (Malicious Prosecution) (Sec. Am. Comp. ¶¶ 137-144)

Mem. in Support of Mot. for Leave [DE-165-2] pp. 2-3. The City Defendants opposed the motion, arguing, *inter alia*, that Plaintiffs were seeking to assert claims already dismissed by the court. Specifically, the City Defendants noted that Plaintiffs were attempting to assert a § 1983 false arrest claim against Defendants Rodriguez, Jernigan, and Croyle that already had been dismissed as to all defendants with the exception of Defendant Koehler.

In an order filed on April 1, 2014 [DE-191], the court allowed Plaintiffs' motion in part and denied in part. The court explicitly stated that Plaintiffs' attempts to assert a § 1983 false arrest claim against Defendants Rodriguez, Jernigan, and Croyle were futile. The court ordered Plaintiffs to file a second amended complaint which complied with the rulings set forth in the order within seven days. Order [DE-191] p. 6. The court also reminded Plaintiffs they must procure summons and serve Defendant Croyle in according with Rule 4. *Id.* at p. 6 n.2.

Plaintiffs filed a Second Amended Complaint on April 6, 2014 [DE-192], and also filed a notice of proposed summons for Defendant Croyle [DE-193]. One day later, Plaintiffs filed a Corrected Second Amended Complaint [DE-195], along with another notice of proposed summons for Croyle [DE-194]. The Clerk issued the summons that same day [DE-196].

On April 14, 2014, the City Defendants filed the Partial Motion to Dismiss [DE-199] along

3

with their Answer [DE-201] to the Corrected Second Amended Complaint. The City Defendants argue that Plaintiffs are alleging many claims that already have been dismissed by the court, as well as claims explicitly not allowed by the court's earlier orders. The City Defendants also argue that Defendant Croyle has not been served with process. Plaintiffs opposed the City Defendants' motion, and also filed the Motion for Leave to file a Corrected Second Amended Complaint and/or to File a Third Amended Complaint [DE-202]. Plaintiffs argue that their proposed Corrected Second Amended Complaint/Third Amended Complaint "updates all of the pending claims with the appropriate parties involved in this matter" and state that "[i]t was not the deliberate intention of the Plaintiffs to pursue claims that have been dismissed by the court," rather, Plaintiffs' counsel had a "misunderstanding . . .as to which version of the amended pleadings was complete." Pls.' Resp. to Mot. to Dismiss [DE-203].

On June 11, 2014, Defendant St. John filed a Partial Motion for Summary Judgment, seeking judgment on Plaintiffs' civil conspiracy claims under § 1985 and Plaintiffs' claims for punitive damages. That same day, Plaintiffs filed a notice that Defendant Croyle was served with process on April 22, 2014 [DE-210]. Plaintiffs subsequently filed a Motion for Extension of Time [DE-212], stating that because the other named defendants have until August 23, 2014 to file dispositive motions, they seek an extension of time until thirty-five (35) days after the other Defendants have filed their summary judgment motions to respond. Plaintiffs assert that requiring them to respond to only Defendant St. John's motion will result in an "incomplete" presentation of their civil conspiracy claim. All Defendants oppose this motion.

## II. DISCUSSION

Plaintiffs assert that allowing them to filed a Third Amended Complaint (or, Corrected Second Amended Complaint) achieves the same result as ruling on the City Defendants' Partial

4

Motion to Dismiss. The court does not agree. As the City Defendants note, they will now be required to respond to another pleading, which is prejudicial to them. Moreover, Plaintiffs' stated reason for the need to file another amended pleading–counsel's inadvertance–does not constitute good cause to amend the scheduling order to accommodate this new filing. Accordingly, Plaintiffs' Motion for Leave [DE-202] is DENIED.

As to the City Defendants' Motion to Dismiss, Plaintiffs apparently concede that many of their claims are subject to dismissal. Accordingly, the Motion to Dismiss [DE-199] is ALLOWED in part, and the following claims are DISMISSED:

- Plaintiffs' § 1983 claim for false arrest against Defendants Rodriguez, Jernigan and Croyle;
- Plaintiffs' § 1983 claim for malicious prosecution against Defendants Bergamine and Iman;
- Plaintiff's Negligent Hiring, Retention, Supervision, Training & Discipline claim against Bergamine, Iman and Jernigan;
- Plaintiffs' Intentional Infliction of Emotional Distress claim against Defendants Rodriguez, Jernigan, Bergamine, Croyle and Iman;
- Plaintiffs' False Imprisonment claim against Defendants City of Fayetteville, Bergamine and Iman.

With regard to City Defendants' arguments as to lack of service on Defendant Croyle, the record shows that he allegedly was served on April 22, 2014. *See* Notice [DE-210]. It appears to the court that this argument by the City Defendants is therefore moot. Accordingly, the Motion to Dismiss [DE-199] is DENIED insofar as it seeks to dismiss the claims against Croyle for lack of service.

Finally, Plaintiffs' Motion for Extension of Time [DE-212] is DENIED. The court does not perceive why requiring a timely response to Defendant St. John's motion for partial summary judgment will result in an incomplete presentation of Plaintiffs' civil conspiracy claim. Discovery is closed as to all parties. The onus is now on Plaintiffs to support their claims with evidence.

5

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave [DE-202] and Motion for Extension of Time [DE-212] is DENIED. The City Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint [DE-199] is ALLOWED in part and DENIED in part, and the following claims are DISMISSED:

- Plaintiffs' § 1983 claim for false arrest against Defendants Rodriguez, Jernigan and Croyle;
- Plaintiffs' § 1983 claim for malicious prosecution against Defendants Bergamine and Iman;
- Plaintiff's Negligent Hiring, Retention, Supervision, Training & Discipline claim against Bergamine, Iman and Jernigan;
- Plaintiffs' Intentional Infliction of Emotional Distress claim against Defendants Rodriguez, Jernigan, Bergamine, Croyle and Iman;
- Plaintiffs' False Imprisonment claim against Defendants City of Fayetteville, Bergamine and Iman.

SO ORDERED.

This the 19 day of June, 2014.

James C. Fox
Senior United States District Judge