IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-456-F

DARWIN JOHNSON, et al.,          )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )     ORDER AND MEMORANDUM
                                 )     AND RECOMMENDATION
                                 )
CITY OF FAYETTEVILLE, et al.,    )
                                 )
          Defendants.            )

This matter comes before the court on the following motions: (1) Plaintiff Darwin Johnson's

Third Motion to Compel Discovery and *In Camera* Review [DE-170] and Plaintiff Darwin

Johnson's Amended Third Motion to Compel Discovery [DE-174][1], and (2) Plaintiffs' Motion for

Appointment of Guardian *Ad Litem* for Plaintiff Brenda Johnson Mathis, [DE-186]. On June 13,

2014, this court held a telephonic hearing with all parties during which the court addressed the

matters raised in the pending motions. [DE-211]. The matters raised in the motions are ripe for

ruling.

## I. BACKGROUND

On September 5, 2012, Plaintiffs Darwin Johnson, LaTonja Johnson, and Brenda Johnson

Mathis filed an Amended Complaint [DE-30] containing several causes of action arising under 42

U.S.C. § 1983 and § 1985, the North Carolina Constitution and state tort law against various

defendants. The claims contained in the Amended Complaint stem from an alleged incident between

Plaintiffs and municipal law enforcement officers on April 17, 2011, in the parking lot of a local

---

[1] Because the two motions contain the same requests for relief, the court will address them herein as a
single motion.

McDonald's restaurant. Thereafter, Defendant Heather Nicole St. John filed a motion to dismiss

[DE-35] on September 19, 2012, and Defendants City of Fayetteville, Officer Shane Koehler,

Detective Jennifer Rodriguez, Sergeant Phyllis Jernigan, Chief Thomas Bergamine, and Dale Iman

filed a separate motion to dismiss [DE-59] on October 24, 2012. In a March 28, 2013 Order [DE-

129], the District Court ruled on the pending motions to dismiss, resulting in the following claims

remaining in this action:

1.  **Defendant St. John:** Plaintiff Darwin Johnson's § 1985 claim for civil
    conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy. Plaintiff
    LaTonja Johnson's claim for negligence.

2.  **Defendant Koehler in his Individual Capacity:** Plaintiff Darwin Johnson's
    (1) § 1983 claims for false arrest (unreasonable seizure), excessive force, and
    malicious prosecution; (2) § 1985 claim for civil conspiracy; and (3) state law
    claims of IIED, assault and battery, and false imprisonment. Plaintiff Mathis'
    (1) § 1983 claim of excessive force; (2) § 1985 claim for civil conspiracy;
    and (3) state law claim for assault and battery.

3.  **Defendant Rodriguez in her Individual Capacity:** Plaintiff Darwin
    Johnson's § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim
    for civil conspiracy.

4.  **Defendant City of Fayetteville:** Plaintiffs Darwin Johnson and Mathis' state
    law claim of negligent hiring, retention, supervision, training, and discipline.

5.  **Defendant City of Fayetteville, and Defendants Bergamine and Iman in
    their Individual Capacity:** Plaintiffs Darwin Johnson and Mathis'
    municipal and supervisor derivative § 1983 and § 1985 claims based on these
    remaining predicate claims asserted against Defendant Koehler due to their
    negligent hiring of and failure to train Defendant Koehler, as well as
    Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative
    § 1983 and § 1985 claims based on these remaining predicate claims asserted
    against Defendants Koehler and Rodriguez due to the institution and
    maintenance of a widespread discriminatory policy.

Order [DE-129] at 37.

While the motions to dismiss were pending, Plaintiff Darwin Johnson served Defendant City

2

of Fayetteville ("City") with his written discovery requests, and he served his First Requests for Production of Documents upon Defendant Shane Koehler ("Koehler"). Both the City and Defendant Koehler asserted objections to Plaintiff Darwin Johnson's requests. Thereafter, Plaintiff Darwin Johnson filed two motions to compel. [DE- 84, -112]. One of the requests subject to the motion to compel was the discovery of psychological evaluations of Defendant Koehler. According to Plaintiffs, Defendant Koehler had been diagnosed with post-traumatic stress disorder ("PTSD") and Plaintiffs sought to discover to what extent Koehler's supervisors knew of his mental condition. [DE-112-1] at 9. According to Plaintiffs, one of Defendant Koehler's supervisors knew of his mental condition shortly after the incident giving rise to the action. Pl.'s Appeal, Ex. J Dep. of Phyllis Jernigan [DE-147-21] 142:11-143:9 (testifying Defendant Koehler told her about his mental condition on April 28, 2011).

On May 29, 2013, the undersigned ruled that the requested documents were relevant to Plaintiffs' surviving claim of negligent hiring/retention/supervision and, in particular, to the issue of notice to Defendant Koehler's employer. [DE-144]. This court ruled however that documents corresponding to a time period after April 17, 2011, the date of the incident alleged in the complaint, were beyond the scope of reasonably calculated discovery. *Id.* Accordingly, this court directed Defendants "to produce responsive documents corresponding to the time period before April 17, 2011." *Id.* at 26. On appeal, the District Court sustained this particular ruling, holding that "[p]laintiffs do not need any psychological evaluations of Defendant Koehler prepared after April 17, 2011 in order to gather evidence regarding his supervisors' actions in light of [their] knowledge," based on Defendant Koehler having told Jernigan of his mental condition. [DE-155] at 14; *see Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2013 WL 4039418, at *8-9 (E.D.N.C. Aug. 6,

3

2013).

At the close of discovery, on January 31, 2014, and on February 5, 2014, respectively, Plaintiff Darwin Johnson filed a third motion to compel and an amended third motion to compel, the instant motions considered here. [DE-170, -174]. In the motions, Plaintiff Darwin Johnson argues that (1) Defendants have failed to comply with the court's order to produce psychological evaluations of Defendant Koehler before April 17, 2011 (ground one), and Plaintiffs collectively contend that (2) the psychological evaluations of Defendant Koehler performed after the April 17, 2011 incident are relevant (ground two), and that (3) the court should order Defendants to produce a log of all documents that have been withheld on the grounds of relevance or privilege (ground three). [DE-170-1] at 3-8; [DE-178] at 3-9. The parties subsequently advised the court during the June 13, 2014 telephonic hearing that an agreement had been reached on the first issue in dispute and that Plaintiff Darwin Johnson has since withdrawn this line of argument. Accordingly, request for relief in ground one of the motions is DENIED AS MOOT.

On February 19, 2014, Plaintiffs filed an unopposed motion to appoint a guardian *ad litem* on behalf of Plaintiff Brenda Johnson Mathis on the grounds that her health prevents her from participating in this lawsuit. [DE-186]. Upon direction from the District Court, Plaintiffs submitted additional briefing in support of the motion. [DE-198].

On April 6, 2014, and April 7, 2014, respectively, Plaintiffs filed a second amended complaint and a corrected second amended complaint.[2] [DE-192, -195]. As this court understands Plaintiffs' amended claims, Plaintiffs have now alleged as part of their § 1985 conspiracy cause of

---

[2] Plaintiffs' motion to amend their complaint [DE-165] was filed December 9, 2013, preceding the instant motions to compel, [DE-170, -174].

action claims that Defendants Jernigan and Croyle concealed Defendant Koehler's PTSD as part of a conspiracy (to falsely formulate a pretense of probable cause) which resulted in the deprivation of Plaintiff Darwin Johnson's constitutional rights. *See* [DE-192] ¶¶ 160-61, 166, 168; [DE-195] ¶¶ 160-61, 166, 168. In support of Plaintiffs' § 1983 cause of action, it appears Plaintiffs have now alleged that Defendants Jernigan and Croyle fabricated misleading facts to make it appear as if Defendant Koehler had probable cause to arrest Plaintiff Darwin Johnson by not disclosing Defendant Koehler was performing his job under a mental disability (PTSD) that existed prior to his employment.[3] [DE-192] ¶ 187; [DE-195] ¶ 187.

## II. DISCUSSION

A.    Plaintiffs' Motions to Compel

  i.    *Ground Two*

Plaintiffs argue that any psychological examination performed on Defendant Koehler after April 17, 2011, is relevant and that the District Court should reconsider its order of August 6, 2013, limiting discovery to this time frame.[4] [DE-170-1] at 5; [DE-178] at 5. In particular, Plaintiffs seek from Defendants a report by Dr. Keeton, whom Plaintiffs have learned in discovery performed a fitness for duty examination ("FFDE") of Defendant Koehler in August 2011. [DE-170-1] at 5; [DE-178] at 6.

According to Plaintiffs, Defendant Koehler admitted in deposition that he informed Dr. Keeton of his PTSD during the examination. Plaintiffs deposed Dr. Keeton, but were precluded

---

  [3] On June 19, 2014, the District Court dismissed several claims of Plaintiffs' Second Amended Complaint, yet these particular claims remain in the case. [DE-215]

  [4] Plaintiffs concede that any psychological evaluations of Defendant Koehler after he resigned from the Fayetteville City Police Department on September 1, 2011, are not relevant. [DE-178] at 5, 9.

5

from examining him further regarding the report because the report was made after April 17, 2011. Plaintiffs seek to learn whether Defendant Koehler's PTSD was noted in Dr. Keeton's FFDE report to Defendant City. According to Plaintiffs, Defendant Koehler admitted he informed Defendant Jernigan of his condition and that she in turn told Defendant Croyle, yet their supervisor, Captain Kelly, testified he was never informed by Jernigan or Croyle that Defendant Koehler suffered PTSD. Plaintiffs claim that no internal investigation reports mention Koehler's PTSD and contend the absence of Koehler's PTSD in Dr. Keeton's FFDE report is relevant to the newly amended claim that Defendants deliberately concealed Defendant Koehler's medical condition as part of their internal investigation. Plaintiffs also seek to reopen Dr. Keeton's deposition for the purpose of questioning him regarding his FFDE report.

Plaintiffs have cabined this particular argument in the motions to compel as a request to the District Court to reconsider its earlier order limiting the scope of discovery; therefore, this court will review the motions in the context of making a recommendation to the District Court in accordance with 28 U.S.C. § 636(b)(1)(B).

The Federal Rules of Civil Procedure provide that "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). However, no clear standard exists for the analysis of a motion for reconsideration under Fed. R. Civ. P. 54(b) other than its resolution being "committed to the discretion of the court." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citations omitted). In contrast, under Fed. R. Civ. P. 59(e), a motion to alter or amend a final judgment may be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

6

manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Although the Fourth Circuit has made it clear that the standards governing reconsideration of final judgments under Fed. R. Civ. P. 59(e) are not determinative of the reconsideration of an interlocutory decision, *see Saint Annes Dev. Co., Inc. v. Trabich*, No. 10-2078, 2011 WL 3608454, at *3 (4th Cir. Aug. 17, 2011) ("The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders.") (quoting *Am. Canoe*, 326 F.3d at 514-15), courts have considered those factors in guiding their discretion under Fed. R. Civ. P. 54(b). *See Boykin Anchor Co., Inc. v. Wong*, No. 5:10-CV-591-FL, 2012 WL 937182, at *2 (E.D.N.C. Mar. 20, 2012) (applying standard to court's reconsideration of its order denying plaintiff's motion to compel); *Mesmer v. Rezza*, No. DKC 10-1053, 2011 WL 5548990, at *3 (D. Md. Nov. 14, 2011) ("While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, . . . courts frequently look to these standards for guidance in considering such motions . . . ." (internal citations omitted)). Courts have also held that "[a] motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005); *see Akeva LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 566 (M.D.N.C. 2005). However, the court must also recognize that "[p]ublic policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing the questions that have already been decided." *Akeva*, 385 F. Supp. 2d at 565. To this end, "a motion to reconsider is not proper where it only asks the Court to rethink its prior decision, or presents a better

7

or more compelling argument that the party could have presented in the original briefs on the matter." *Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 1:10-MC-58, 2011 WL 6217061, at *6 (M.D.N.C. Dec. 14, 2011) (quoting *Hinton v. Henderson*, No. 3:10-CV-505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011)); *see Pledger v. UHS-Pruitt Corp.*, No. 5:12-CV-484-F, 2014 WL 1365909, at *3 (E.D.N.C. Apr. 7, 2014); *DirecTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (ruling that a motion to reconsider is improper where the motion "merely asks the court 'to rethink what the Court had already thought through-rightly or wrongly.'") (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

Since the court's order limiting discovery of Defendant Koehler's mental condition, Plaintiffs have been allowed to amend their complaint thereby introducing new factual allegations into this action and, through that introduction, enlarging the scope of discovery as it relates to Defendant Koehler's alleged mental condition. Based on the newly amended complaint, Defendant Koehler's PTSD condition has relevance beyond its notice by Defendants, as the court ruled in its August 6 order. Plaintiffs now allege Defendants concealed it from the internal investigation of the April 17, 2011 incident. Whether Defendant Koehler told Dr. Keeton about his PTSD during his fitness for duty examination and whether Dr. Keeton included this information in his FFDE report provided to Defendant City is arguably relevant to Plaintiffs' new claims that Defendants omitted Defendant Koehler's PTSD from the internal investigation surrounding the April 17, 2011 incident. *See Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). Defendants have not argued

8

convincingly why these materials should not otherwise be produced and there is a protective order in place. Accordingly, the undersigned recommends reconsideration of the District Court's August 6, 2013 order [DE-155], as set out in ground two of the motions, to direct Defendants to produce within 14 days of ruling by the district court Dr. Keeton's FFDE report to Plaintiffs and reopen deposition for examination regarding the report. However, Plaintiffs' motions otherwise fail to particularize further discovery sought and, in light of the high standard of review applied to the court's reconsideration of previous orders, it is otherwise recommended that any further reconsideration be denied.

    *ii.    Ground Three*

    Plaintiffs' request for an *in camera* review of the City Defendants' privilege log and supplemental privilege log asks the court "[t]o the extent that Defendants are claiming any privilege or relevancy as the basis for documents being withheld, . . . to order the Defendants to produce a log of **all** documents that have been withheld . . . [and thereafter] conduct an in *camera* review." [DE-170-1] at 8; [DE-178] at 9.

    Rule 26(b)(5)(A) provides that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). Under this rule, a party withholding documents on a claim of privilege must make an express claim describing the nature of the documents not being produced so the other parties may assess the claim. *Id.*

The City Defendants contend that they have fully complied with Rule 26(b)(5). [DE-179] at 9. "The standard for testing the adequacy of [a] privilege log is whether, as to each document, it sets forth facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *United Stationers Supply Co. v. King*, No. 5:11-CV-00728-D, 2013 WL 419346 (E.D.N.C. Feb. 1, 2013). Although District Courts have discretion in determining whether to conduct an *in camera* review, the court must have some bases or grounds to conduct one. *See Mason C. Day Excavating, Inc. v. Lumbermens Mut. Cas. Co.*, 143 F.R.D. 601, 604 (M.D.N.C. 1992) (citations omitted). Plaintiffs have not provided any bases or grounds for their motion. Plaintiffs have not identified any problem with the privilege logs produced by the City Defendants or with any of the claims of privilege concerning the documents reflected in the logs. Plaintiffs contend that "the number of objections made by the Defendants on the grounds of privilege and relevancy during the course of discovery clearly exceed the number of documents listed on the privilege log." [DE-170-1] at 8. Plaintiffs have not, however, specifically identified any of such objections. Nor have Plaintiffs identified any specific category of document that they believe should have appeared in the privilege logs, but did not. As a result, Plaintiffs have not provided the court with any bases or grounds upon which to conduct an *in camera* review. *See Mason C. Day Excavating, Inc.*, 143 F.R.D. at 604.

To the extent that Plaintiffs' motion seeks an order that the City Defendants provide a log of documents not produced by the City Defendants based on relevancy, Plaintiffs' motion is denied because it has no legal basis. Parties are not entitled to discover matter that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). There is no requirement that a party identify all non-relevant documents in its possession. Accordingly, Plaintiffs' request for an *in camera* review

10

in ground three is DENIED.

B.      Plaintiffs' Motion to Appoint a Guardian *ad litem*

In support of Plaintiffs' motion, which is not opposed, Plaintiffs state that Plaintiff Brenda Johnson Mathis ("Mathis"), suffers from dementia and has difficulty remembering routine matters, recalling events and recognizing persons. [DE-186-1] ¶¶ 4-5; [DE-198] ¶¶ 4-5. According to Plaintiffs, Plaintiff Mathis lives with her daughter, Christie Johnson Foster[5], and is incapable of planning or carrying out tasks, including the prosecution of this lawsuit. [DE-186-1] ¶¶ 8-9; [DE-198] ¶2. Plaintiff Mathis has executed a durable power of attorney dated November 12, 2013, designating her daughter to serve as her attorney-in-fact. [DE-198-3]. As part of her duties as attorney-in-fact for Plaintiff Mathis, Johnson is authorized to pursue litigation against any person or government on behalf of Mathis. [DE-198-3].

Rule 17(c) provides that the district court "shall appoint a guardian *ad litem* for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." Fed. R. Civ. P. 17(c). Nothing in the rule prohibits the district court from appointing a guardian *ad litem* to represent a person not previously adjudicated as incompetent through a state proceeding. *Fonner v. Fairfax Cnty.*, 415 F.3d 325, 330 (4th Cir. 2005) (rejecting argument that the district court was not authorized to appoint guardian *ad litem* under Fed. R. Civ. P. 17(c) absent a determination of incompetency by the Commonwealth of Virginia). Here, having considered the materials provided by Plaintiffs, the court

---

[5] Plaintiffs have submitted an affidavit of Christie Johnson and a durable power of attorney in the name of Christie Foster. [DE-186-1, -198]. During the telephonic hearing, Plaintiffs' counsel confirmed that Christie Johnson and Christie Foster are the same individual. According to Plaintiffs' counsel, Ms. Foster is now known as Christie Johnson.

11

recognizes that Plaintiff Mathis suffers from some degree of mental infirmity effecting her ability to participate in this litigation. Accordingly, in its discretion, the court finds it appropriate to appoint a guardian *ad litem* to assist the court in Plaintiff Mathis' continued participation in this litigation. *See id.* Plaintiffs' motion is therefore ALLOWED and Christie Johnson is hereby appointed as guardian *ad item* for Plaintiff Mathis for the purposes of this action.

### III. CONCLUSION

For the foregoing reasons,

(i) Plaintiffs' requests for relief in grounds one and three of the motions to compel [DE-170, -174] are DENIED;

(ii) it is RECOMMENDED that Plaintiffs' request for relief in ground two of the motions to compel [DE-170, -174] be ALLOWED IN PART AND DENIED IN PART as discussed herein; and

(iii) Plaintiffs' Motion for the Appointment of Guardian *Ad Litem* [DE-186] is ALLOWED.

The Clerk shall send copies of this Order and Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections to the recommendation to the District Court. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

So ordered and submitted, this the 25 day of June 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

12