IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-456-F

| | | |
|---|---|---|
| DARWIN JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CITY OF FAYETTEVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the parties' cross motions to seal [DE-224 & DE-230] several documents filed in connection with the Plaintiff's *Fourth Motion to Compel* [DE-223] and Defendants' response. [DE-227].

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The fact that the documents sought to be sealed are subject to a protective order by the court does not relieve the parties or the court from the obligation to comply with the Fourth Circuit's sealing regimen. *See Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 679-80 (E.D.N.C. 2003); *see also Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys.*, No.1:05-CV-955, 2011 WL 2413404, at *5 (M.D.N.C. Jun. 10, 2011) (citations omitted). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Stone*, 855 F.2d at 180 (citing

*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Here, the documents sought to be sealed relate to Plaintiff's motion to compel discovery, in particular medical evaluations and personnel matters relating to Defendant Koehler, rather than motions seeking dispositive relief, and therefore the right of access at issue arises under the common law. *See Covington v. Semones*, No.7:06-CV-00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford*, 846 F.2d at 253). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)). Here, the documents in question either constitute confidential medical or state personnel records or refer to the substance of the same, which are of utmost importance to the parties, but not generally available to the public. Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, Plaintiff's motion was filed August 3, 2014, and Defendants' motion was filed August 14, 2014. No opposition to the motions has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential information and are not generally available to the public, the court finds that alternatives to sealing do not exist at the present time. Accordingly, the documents referenced shall be sealed in accordance with Local Civil Rule 79.2 and Section T of the CM/ECF Policy Manual.

Accordingly, the following documents shall remain under seal:

1. Exhibit A to Plaintiff Darwin Johnson's Fourth Motion to Compel (exhibit located at [DE-226]); and

2. Defendants' Opposition to Plaintiff Darwin Johnson's Fourth Motion to Compel and supporting exhibits C and D (located at [DE-227, DE-228-4, DE-228-5 & DE-229]).

So ordered, the 6th day of October 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

3