IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-456-F

DARWIN JOHNSON, et al.,                )
                    Plaintiffs,        )
                                       )
        v.                             )           O R D E R
                                       )
CITY OF FAYETTEVILLE; et al.,          )
                    Defendants.        )

        This matter is before the court on several motions: Defendant Heather St. John's Motion for

Partial Summary Judgment [DE-208]; Plaintiffs' Motions to Seal [DE-217; DE-268; DE-282];

Plaintiff Darwin Johnson's Fourth Motion to Compel [DE-223]; Plaintiffs' Motion for Partial

Summary Judgment [DE-238]; Motion for Summary Judgment [DE-240] filed by Defendants Chief

Thomas Bergamine, the City of Fayetteville, Kevin Croyle, Dale Iman, Phyllis Jernigan, Shane

Koehler, and Jennifer Rodriguez (collectively, the "City Defendants"); the City Defendants'

Motions to Seal [DE-250; DE-260; DE-271; DE-293]; Plaintiffs' Motions to Amend/Correct [DE-

270; DE-308]; and the Joint Motion to Amend the Scheduling Order and Continue the Trial [DE-

314.. Additionally, pending before this court are the Memorandum and Recommendations ("M&R")

[DE-275] recommending that Plaintiffs' Fourth Motion to Compel be denied, and Plaintiffs'

Objection [DE-295][1] to the M&R.  Also pending before the court is the Plaintiffs' Appeal [DE-296]

of Judge Jones's October 6, 2014, Order [DE-276] allowing certain motions to seal [DE-224; DE-

230] filed by the parties.

## I. RELEVANT PROCEDURAL HISTORY

        On June 7, 2012, Plaintiffs Darwin Johnson, LaTonja Johnson, and Brenda Johnson Mathis

_____

[1] The Objection is captioned "Plaintiffs' Objections and Appeal from the Magistrate Judge's October 6, 2014,
Order."  The M&R is not an order, however, and there is nothing to "appeal" to the undersigned.

initiated this action by filing a Complaint in the General Court of Justice, Superior Court Division, Cumberland County, State of North Carolina. The action was removed to this court on July 20, 2012. On September 5, 2012, Plaintiffs filed the Amended Complaint [DE-30], containing several causes of action arising under 42 U.S.C. § 1983 and § 1985, the North Carolina Constitution and state tort law, and naming the following as defendants: (1) City of Fayetteville; (2) Heather Nicole St. John; (3) Shane Koheler, individually; (4) Jennifer Rodriguez, individually; (5) Phyllis Jernigan, individually; (6) Chief Thomas Bergamine, in his official capacity as Chief of FCPD and individually, and (7) Dale Iman, in his official capacity as City Manager and individually.

In a March 28, 2013, Order [DE-129], the undersigned ruled on pending motions to dismiss, resulting in the following claims remaining in this action:

1. **Defendant St. John**: Plaintiff Darwin Johnson § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy. Plaintiff LaTonja Johnson's claim for negligence.

2. **Defendant Koehler in his Individual Capacity**: Plaintiff Darwin Johnson's (1) § 1983 claims for false arrest (unreasonable seizure), excessive force, and malicious prosecution; (2) § 1985 claim for civil conspiracy; and (3) state law claims of IIED, assault and battery, and false imprisonment. Plaintiff Mathis' (1) § 1983 claim of excessive force; (2) § 1985 claim for civil conspiracy; and (3) state law claim for assault and battery.

3. **Defendant Rodriguez in her Individual Capacity**: Plaintiff Darwin Johnson's § 1985 claim for civil conspiracy. Plaintiff Mathis' § 1985 claim for civil conspiracy.

4. **Defendant City of Fayetteville**: Plaintiffs Darwin Johnson and Mathis' state law claim of negligent hiring, retention, supervision, training, and discipline.

5. **Defendant City of Fayetteville, and Defendants Bergamine and Iman in their Individual Capacity**: Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative § 1983 and § 1985 claims based on these remaining predicate claims asserted against Defendant Koehler due to their negligent hiring of and failure to train Defendant Koehler, as well as Plaintiffs Darwin Johnson and Mathis' municipal and supervisor derivative § 1983 and § 1985 claims based on these remaining predicate claims asserted against Defendants Koehler and Rodriguez due to the institution and maintenance of a widespread discriminatory policy.

2

March 28, 2013 Order [DE-129] at 37.

Thereafter, Judge Jones issued an order [DE-144] on two motions to compel [DE-84; DE-112] filed by Plaintiff Darwin Johnson. One of the motions to compel had sought the discovery of psychological evaluations of Defendant Koehler, who had been diagnosed with post-traumatic stress disorder ("PTSD"). Plaintiffs sought to discover what extent Koehler's supervisors knew of his mental condition. Judge Jones ruled (1) that the requested documents were relevant to the Plaintiffs' surviving claim of negligent hiring/retention/supervision and in particular, to the issue of notice to Koehler's employer; and (2) that documents corresponding to a time period after April 17, 2011, the date of the incident alleged in the complaint, were beyond the scope of reasonably calculated discovery. Plaintiffs appealed this and other rulings. The undersigned sustained Judge Jones' ruling as to the psychological records, stating: "Plaintiffs do not need any psychological evaluations of Defendant Koehler prepared after April 17, 2011 in order to gather evidence regarding his supervisors' actions in light of [their] knowledge." August 5, 2013, Order [DE-155] at 14.

On December 5, 2013, Plaintiffs filed a Motion for Leave to File Second Amended Complaint, and later filed a corrected Motion for Leave to File Second Amended Complaint [DE-165] on December 9, 2013. Plaintiffs sought leave, under Federal Rule of Civil Procedure 15(a)(2), to make the following substantive changes to their pleadings:

> (1) The proposed amendment to the Second Complaint seeks to add Lt. Kevin Croyle of the Fayetteville City Police Department as a party Defendant.
>
> (2) In addition, the proposed amendment to the Complaint seeks to add [] new Monell allegations that Proposed Defendants City of Fayetteville, Sgt. Phyllis Jernigan and Lt. Kevin Croyle concealed/fabricated evidence during the internal investigation of the arrest of Plaintiff Darwin Johnson.
>
> (3) The proposed Second Amended Complaint also seeks to join the Defendants Sgt. Phyllis Jernigan and Lt. Kevin Croyle in the following claims:
> (a) conspiracy, (Sec. Am. Comp. ¶¶ 145-169), and

3

(b) Fourth Amendment Illegal Seizure [] (Malicious Prosecution) (Sec. Am. Comp. ¶¶ 137-144)

Mem. in Support of Mot. for Leave [DE-165-2] at 2-3. The City Defendants opposed the motion, arguing, *inter alia*, that Plaintiffs were seeking to assert claims already dismissed by the court. Specifically, the City Defendants noted that Plaintiffs were attempting to assert a § 1983 false arrest claim against Defendants Rodriguez, Jernigan, and Croyle that already had been dismissed as to all defendants with the exception of Defendant Koehler.

In an order filed on April 1, 2014 [DE-191], the court allowed Plaintiffs' motion in part and denied it in part. The court explicitly stated that Plaintiffs' attempts to assert a § 1983 false arrest claim against Defendants Rodriguez, Jernigan, and Croyle were futile. The court ordered Plaintiffs to file a second amended complaint which complied with the rulings set forth in the order within seven days. Order [DE-191] at 6. Plaintiffs filed a Second Amended Complaint on April 6, 2014 [DE-192]. One day later, Plaintiffs filed a Corrected Second Amended Complaint [DE-195].

On April 14, 2014, the City Defendants filed the Partial Motion to Dismiss [DE-199] along with their Answer [DE-201] to the Corrected Second Amended Complaint. The City Defendants argued, *inter alia*, that Plaintiffs alleged many claims that already have been dismissed by the court, as well as claims explicitly not allowed by the court's earlier orders. The court allowed the City Defendants' motion in part, and ordered that several claims be dismissed. *See* June 19, 2014 Order [DE-215].

While the motion to amend and the motion to dismiss was pending, Plaintiff Darwin Johnson filed a Third Motion to Compel [DE-170] and an Amended Third Motion to Compel [DE-174], arguing, *inter alia*, that psychological evaluations of Defendant Koehler performed after April 17, 2011, were relevant. Specifically, Plaintiff sought a report by Dr. William Presley Keeton, III, whom

4

Plaintiffs learned performed a fitness for duty examination ("FFDE") of Defendant Koehler in August 2011. Judge Jones construed the Third Motion to Compel as a motion to reconsider the undersigned's August 6, 2013, Order, and he held a telephonic hearing on the motion. Thereafter, Judge Jones issued an Order and M&R, recommending the undersigned reconsider the August 6, 2013, Order [DE-155], and direct Defendants to produce within 14 days Dr. Keeton's FFDE report. Additionally, Judge Jones recommended that the court reopen the deposition of Dr. Keeton for examination regarding the report. *See* June 25, 2014, Order and M&R [DE-216] at 9. Judge Jones found that "[b]ased on the newly amended complaint, Defendant Koehler's PTSD condition has relevance beyond its notice [to] Defendants" and "Plaintiffs now allege Defendants concealed it from the internal investigation of the April 17, 2011 incident." *Id.* at 8. Accordingly, Judge Jones found that "whether Dr. Keeton included this information in his FFDE report to Defendant City is arguably relevant to Plaintiff's new claims that Defendants omitted Koehler's PTSD from the internal investigation surrounding the April 17, 2011 incident." *Id.* Judge Jones noted, however that "Plaintiffs' motions otherwise fail to particularize further discovery sought and, in light of the high standard of review applied to the court's reconsideration of previous orders, it is otherwise recommended that any further reconsideration be denied." *Id.* at 9.

Neither party filed any objection to the June 25, 2014, M&R. On July 29, 2014, the undersigned adopted [DE-222] the M&R, and ordered Defendants to produce Dr. Keeton's FFDE of Defendant Koehler. July 29, 2014 Order. The undersigned also ordered that the deposition of Dr. Keeton be reopened for examination regarding the FFDE report; however, Plaintiffs' motions to compel were denied in all other respects. *Id.*

Shortly thereafter Plaintiffs filed a Fourth Motion to Compel [DE-223]. In that motion, Plaintiffs state Defendants produced Dr. Keeton's FFDE report as required. According to Plaintiffs:

5

This report indicated that Dr. Keeton administered the Personality Assessment Inventory (PAI), the Achenbach Adult Self-Report (ASR) and the PTSD Checklist, Military version (PCL-M). In addition, this letter from Keeton states that Defendant Koehler "provided copies of his medical records from his recent treatment for PTSD and ADHD at Carolina Psychiatry in Fayetteville." Furthermore, it was noted in the letter from Dr. Keeton that the examination of Defendant [Koehler] was conducted on August 24, 26, and 30, 2011.

Mem. in Support of Fourth Mot. to Compel [DE-223-1] at 4. Plaintiffs contend they were "not aware of the tests that were administered by Dr. Keeton, that medical records were reviewed and that the examination was conducted for three hours over a six day period." *Id.* Plaintiffs seek an order "compelling Defendants to produce all documentation/data relied upon by Dr. Keeton (including his notes) in making his Fitness for Duty Determination of Defendant Koehler" and specifically "the medical records and data from any assessments Dr. Keeton relied upon during the Fitness for Duty Examination." *Id.* at 8.

In connection with the briefing of the Fourth Motion to Compel, the parties filed motions to seal [DE-224; DE-230]. During this time period, the parties also filed the various dispositive motions, which also were accompanied by numerous motions to seal and motions to amend or correct previously-filed documents.

On October 6, 2014, Judge Jones issued an M&R [DE-275] construing the Fourth Motion to Compel as a motion to reconsider the court's July 29, 2014, Order, and recommending that it be denied. That same day, Judge Jones issued a separate Order [DE-276] allowing the parties' motions to seal certain documents filed in connection with the Fourth Motion to Compel. Plaintiffs thereafter filed their Objections [DE-295] to the M&R and an Appeal [DE-296] of Order allowing the motions to seal.

While the court was considering the parties' various motions, the parties filed the joint motion to continue the trial date in this matter.

6

## II. FOURTH MOTION TO COMPEL

As the court has recounted, Plaintiffs filed the Fourth Motion to Compel [DE-223] seeking "an order compelling Defendants to produce all documentation/data relied upon by Dr. Keeton (including his notes) in making his Fitness for Duty Determination of Defendant Koehler." Judge Jones recommended that this motion be denied, and Plaintiffs have objected to this recommendation.

Specifically, Judge Jones construed the Fourth Motion to Compel as a motion to reconsider the undersigned's July 29, 2014, Order, which ordered Defendants to produce, within 14 days, Dr. Keeton's fitness for duty examination of Defendant Kohler, and also ordered that the deposition of Dr. Keeton be reopened for examination regarding this report. The July 29, 2014 Order denied the subject motions to compel in all other respects.

In the M&R, Judge Jones observed that Plaintiffs had

> recharacterize[d] the relevance of Dr. Keeton's FFDE report as threefold: (1) whether Dr. Keeton was aware of Koehler's PTSD, (2) whether Dr. Keeton was negligent in clearing Koehler to return to duty and (3) whether Defendants were indifferent to right of citizens to ensure that Koehler's PTSD condition did not interfere with his police duties. Plaintiff argues that these questions are relevant as to what extent Defendants either concealed the existence of Defendant Koehler's PTSD condition or were negligent in addressing whether he was in fact fit to serve in law enforcement.

M&R [DE-275] at 9. Judge Jones noted that the first question—whether Dr. Keeton was aware of Koehler's PTSD—had been answered by the FFDE report. Judge Jones also determined that Plaintiff had long been aware of Dr. Keeton's assessment of Koehler, and the fact that he only recently arrived at the theory that Dr. Keeton's assessment was incompetent was not a compelling reason to revisit this court's earlier order. Finally, Judge Jones reasoned:

> [f]undamentally, however, questions concerning Dr. Keeton's alleged negligence are not relevant to the claims Plaintiff has asserted in this action. . . . Dr. Keeton is neither a party nor an employee of Defendant City, and there . . . has been no claim alleged based on his conduct during the FFDE of Koehler. Moreover, Plaintiff

7

provides no basis for his suggestion that the documents sought after April 17, 2011, would have any bearing on Defendant City's alleged indifference to the rights of its citizens by failing to insure that Koehler's PTSD condition did not interfere with his duties as a police officer or how it would relate to Plaintiff's claims.

*Id.* at 10.

## A.     Standard of Review

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition of a variety of motions." 28 U.S.C. § 636(b)(1)(B). The court then must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## B.     Discussion

Plaintiffs argue that the M&R is incorrect in three ways: (1) it is error to construe the Fourth Motion to Compel as a motion to reconsider; (2) it is error to conclude that the Fourth Motion to Compel is not related to new issues that warrant reconsideration of the court's order; and (3) it is error to conclude that the evidence sought is not relevant. Even if the court assumes, without deciding, that Plaintiffs are correct with respect to their first two arguments, the court nevertheless finds that Plaintiffs have failed to show that the evidence that they seek are relevant to Plaintiffs' claims.

Federal Rule of Civil Procedure provides for a broad scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

8

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672798, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery, not the party moving to compel discovery, bears the burden of persuasion. *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 242 (E.D.N.C. 2010).

Defendants have shown that the information Plaintiffs seek are not relevant to any of the claims asserted in this action. It bears repeating that Plaintiffs' new theory is that "the standard practice techniques employed by Dr. Keeton to evaluate employees are flawed," and the City Defendants' liability stems from relying on Dr. Keeton's assessment of Koehler. *See* Pls.' Objections [DE-295] at 9; Mem. in Support of Fourth Mot. to Compel [DE-223-1] at 6. As Defendants have made clear in their response to Plaintiff's Objections, however, what Dr. Keeton did or did not do in August 2011 has no relevance to Plaintiff's claims. The City Defendants received the FFDE regarding Koehler on November 11, 2011, which was several months after the pertinent events giving rise to Plaintiff's claims. *See* City Defs.' Resp. to Pls.' Objections [DE-300] at 8 ("Because the FFDE report is dated *after* (a) the arrest of Darwin Johnson, (b) the close of the investigation into the arrest, (c) the dismissal of the case against Darwin Johnson, and (d) the day Koehler left the force, it simply cannot have any bearing on any of Plaintiffs' claims. The same is

9

true for the data related to the FFDE report sought by Plaintiff's Fourth Motion to Compel.").

Plaintiffs assert that they seek "to show that Dr. Keeton employed the same techniques in both the 2009 pre-screening of Defendant Koehler and at the 2011 fitness for duty evaluation." Pls.' Objections [DE-295] at 9. Their argument seemingly is that Dr. Keeton's 2011 assessment *had* to be flawed, because Defendant Koehler "attacked his wife immediately after Dr. Keeton deemed him fit" and if the 2011 and 2009 assessment relied on similar techniques, the 2009 assessment must also be deemed to flawed. *Id.* That Defendant Koehler slashed the tires of his wife's car soon after the conclusion of Dr. Keeton's 2001 assessment, however, does not *ipso facto* mean that the 2011 assessment was flawed. Moreover, that fact has no bearing on whether the 2009 assessment, which the parties' briefing suggest is *the* relevant assessment–was flawed.

Judge Jones was correct in determining that the information sought by Plaintiff is not relevant. Accordingly, the court accepts the M&R [DE-275], and the Fourth Motion to Compel [DE-223] is DENIED.

## IV. APPEAL AND MOTIONS TO SEAL

Plaintiffs have filed an Appeal [DE-296] of Judge Jones' October 6, 2014, Order [DE-276] which allowed cross motions to seal filed by Plaintiffs and the City Defendants. For their part, Plaintiffs sought to seal Exhibit A to the Fourth Motion to Compel [DE-226], which consists of Dr. Keeton's November 11, 2011, letter detailing his FFDE of Defendant Koehler. The City Defendants sought to seal their opposition [DE-227] to the Fourth Motion to Compel and supporting Exhibits C and D [DE-229-1, DE-229-2], which contain Cumberland County court records of Plaintiff Darwin Johnson and excerpts from Defendant Koehler's deposition, respectively. Although Plaintiffs did not respond to the City Defendants' motion to seal these documents, they now argue that Judge Jones erred in determining that Exhibit C and D should be sealed.

10

The parties also have filed numerous motions to seal other documents in this action. Plaintiffs have filed motions seeking to seal: (1) the unredacted version of their Response in Opposition to Defendant' Motion Summary Judgment [DE-266-1];[2] (2) the Fort Bragg Medical Records of Darwin Johnson [DE-266-5]; (3) the Kuwait Medical Records of Darwin Johnson [DE-266-6]; (4) documentation from Darwin Johnson's personnel file [DE-266-7]; (5) the unredacted version of the first deposition of Darwin Johnson [DE-266-2];[3] (6) the second deposition of Darwin Johnson [DE-266-3]; and (7) the first Declaration of James H. Locus, Jr., and Exhibit A thereto [DE-279; DE-279-1]. Additionally, Plaintiffs filed a Motion to Seal [DE-217] asking the court to seal their response [DE-219] in opposition to Defendant St. John's Partial Motion for Summary Judgment. Plaintiffs have since stated that they are "seeking to withdraw"[4] that motion to seal, which in turn, has prompted the City Defendants to file a motion [DE-271] of its own seeking, *inter alia*, to seal the entirety of the documents Plaintiffs filed in opposition to Defendant St. John's Partial Motion for Summary Judgment.

Additionally, the City Defendants have filed motions seeking to seal: (1) the City Defendants' Memorandum of Law in Support of Motion for Summary Judgment [DE-241]; (2) the Fifteenth Declaration of Christopher M. Thomas [DE-243] and Exhibits E, H, J, K, L, M, O, P, Q, R, S, T, U, V, and X attached thereto; (3) The Sixteenth Declaration of Christopher M. Thomas [DE-245] and all exhibits attached thereto; (4) the Second Declaration of Stacy Marie Smith [DE-248]

---

[2]  Plaintiffs have not filed a redacted version of the same, but indicate they seek to redact pages 28 through 32 of this document.

[3]  Plaintiffs have not filed a redacted version of this deposition, but indicate they seek to redact pages 122 through 188 of the deposition to be redacted.

[4]  Plaintiffs did not file a motion to withdraw their earlier motion, or even a notice of withdrawal. Instead, Plaintiffs made this statement in their response [DE-262] in opposition to one of the City Defendants' motions to seal.

and all exhibits thereto; (5) documents filed by Plaintiffs which have been marked "confidential" by the parties [DE-236]; (6) City Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment [DE-255]; (7) Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and C attached to the Seventeenth Declaration of Christopher M. Thomas [DE-258; DE-259]; (8) City Defendants' Objections to Assertions of Fact Not Supported by Admissible Evidence in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment [DE-253]; (9) Exhibits S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, II, JJ, and KK [DE-263; DE-265] attached to Plaintiffs' response to City Defendants' Motion for Summary Judgment; (10) City Defendants' Reply in support of their motion for summary judgment [DE-289]; (11) Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 [DE-] attached to the Nineteenth Declaration of Christopher M. Thomas; and (12) City Defendants' Objections to Assertions of Fact Not Supported by Admissible Evidence in Plaintiffs' Memorandum in Opposition to the City Defendants' Motion for Summary Judgment [DE-287].

The various motions to seal, any opposition thereto, and Plaintiffs' Appeal of Judge Jones' October 6, 2014, Order, all concern whether the nature of various documents allow the court to seal virtually all of the memoranda in support of the parties' various motions—many of them dispositive—and the exhibits thereto. Accordingly, the court will consider the motions to seal and the Appeal together.

## A.       Applicable Law

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford*

*v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone*, 855 F.2d at 180; *see also Haas v. Golding Transp., Inc.*, No. 1:09–CV–1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company*. First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

## B. Motions to Seal

With respect to the pending motions to seal, many of the procedural requirements of *In re Knight Publishing Company* have been satisfied. The motions have been filed on the public docket

13

for several months. No third parties or members of the press have attempted to file an objection to the motion to seal.

All of the motions to seal seek to seal memoranda and exhibits filed in connection with the parties' motions for summary judgment. It is well-settled that the public has First Amendment right of access to documents filed in connection with a motion for summary judgment. *See Va Dep't of State Police*, 386 F.3d at 578 (citing *Rushford*, 846 F.2d at 253). Accordingly, the moving party must demonstrate that a denial of access to a document is "necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253. Here, the parties have proffered two justifications for their requests to seal the various documents: (1) the documents contain, comprise, or discuss parts of files which are deemed confidential under N.C. Gen. Stat. § 160A-168; and (2) the documents contain or discuss information that should remain confidential under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d et seq.. The court will consider each of these justifications, as applied to the specific documents, in turn.

### 1. Documents governed by N.C. Gen. Stat. § 160A-168

The City Defendants assert that many of the documents must be sealed because they are drawn from personnel files which are confidential under North Carolina law. The City Defendants cite to N.C. Gen. Stat. § 160A-168, which was passed as an exemption to North Carolina's public records law. *See* Thomas H. Moore, *You Can't Always Get What You Want: A Look at North Carolina's Public Records Law*, 72 N.C. Law. Rev. 1527, 1547-48 (2008). The statute provides, in pertinent part:

> (a) Notwithstanding the provisions of [any other State or local law] concerning access to public records, personnel files of employees, former employees or applicants for employment maintained by a city are subject to inspection and may be disclosed only as provided by this section. For purposes of this section, an employee's personnel file consists of any information gathered by the city with

14

respect to that employee, and by way of illustration and not limitation, relating to his application, selection or nonselection, performance, promotions, demotions, transfers, suspension and other disciplinary actions, evaluation forms, leave, salary, and termination of employment. As used in this section, "employee" includes former employees of the city.

(b) The following information with respect to each city employee is a matter of public record:

    (1) Name.

    (2) Age

    (3) Date of original employment or appointment to the service.

    (4) The terms of any contract by which the employee is employed whether written or oral, past and current, to the extent that the city has the written contract or a record of the oral contract in its possession.

    (5) Current position.

    (6) Title.

    (7) Current salary.

    (8) Date and amount of each increase or decrease in salary with that municipality.

    (9) Date and type of each promotion, demotion, transfer, suspension, separation, or other change in position classification with that municipality.

    (10) Date and general description of the reasons for each promotion with that municipality.

    (11) Date and type of each dismissal, suspension, or demotion for disciplinary reasons taken by the municipality. If the disciplinary action was a dismissal, a copy of the written notice of the final decision of the municipality setting forth the specific acts or omissions that are the basis of the dismissal.

    (12) The office to which the employee is currently assigned.

    . . .

(c) All information contained in a city employee's personnel file, other than the information made public by subsection (b) of this section, is confidential and shall be open to inspection only in the following instances:

    (1) The employee or his duly authorized agent may examine all portions of his personnel file except (i) letters of reference solicited prior to employment, and (ii) information concerning a medical disability, mental or physical, that a prudent physician would not divulge to his patient.

    . . .

    (4) By order of a court of competent jurisdiction, any person may examine such portion of an employee's personnel file as may be ordered by the court.

N.C. Gen. Stat. 160A-168.

Assuming that many of the documents referred to by the City Defendants qualify as "personnel records" under N.C. Gen. Stat. § 160A-168, the court cannot find, at least in this case,

15

that the State of North Carolina's governmental interest in the confidentiality of these personnel records is sufficiently compelling so as to overcome the First Amendment public right of access and justify the broad sealing request sought in this case. The court discerns a distinct difference between the State's interest in protecting the privacy rights of public employees in the course of requesting public records,[5] and the State's interest in protecting the privacy rights of an employee, or former employee, whose actions in the course of his or her employment form the very basis of the lawsuit. As such, the situation presented in this case is distinguishable from cases where court have found the privacy interests in a non-party's personnel file constitute a compelling interest which would outweigh the First Amendment public right of access. *See Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *6-8 (M.D.N.C. July 19, 2013) (recognizing the privacy interest of a non-parties in their personnel files but refusing to seal documents relating to a plaintiff's personnel files); *Johnson v. Baltimore City Police Dep't*, Civil Action No. ELH-12-2519, 2013 WL 497868, at *3-4 (D. Md. Feb. 7, 2013) (finding that the redaction of personnel files of non-parties could protect confidentiality interests, but finding that the plaintiff's personnel records need not be redacted or sealed). Indeed, at least one other district court in North Carolina has refused to seal a party's personnel files based solely on state law provisions providing for the confidentiality of public employees' personnel files, noting that "Plaintiff has not cited any authority that those concerns

---

[5] As the Executive Director of the North Carolina State Bar has lamented:

> The fundamental problem with the [North Carolina public records law] is that its application is practically unrestrained. There is no reliable standard of reasonableness where demands for public records are concerned. Although the statutes do restrict access to many categories of information such as investigative files and trial preparation materials, most of the documents in my possession can be demanded by any "person" at any time for any reason or no reason at all. The requester can be a Rotarian, a reporter, an inmate, a child, a corporation, an alien, an undocumented alien, a registered sex offender, a gadfly, or a nut. It doesn't matter. The requester's motive is also immaterial . . . .

Lowell Thomas Lunsford, II, *Unintended Consequences*, 19 The N.C. State Bar J.17 (2013).

inevitably outweigh the need for transparency in federal judicial proceedings or that those statutes should play a role in this Court's assessment of the propriety of sealing judicial documents beyond providing some indication that such information qualifies as potentially sensitive." *Robinson*, 2013 WL 3791770, at *6-7.

Moreover, as it was in *Robinson*, in this case the court perceives that much of the information the City Defendants contend is confidential and part of Defendant Koehler's personnel files is extremely relevant to Plaintiffs' claims and/or the City Defendants' defenses. *See Robinson*, 2013 WL 3791770, at *7-8 (observing that "[i]n the context of Plaintiff's claim, the foregoing information appears highly relevant and, indeed, critical to whether liability lies against Defendants for certain of Plaintiff's claims"). As the Fourth Circuit has made clear, the First Amendment right of access is important because it "promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Accordingly, the court cannot find, in the context of this case, that the interests embodied in N.C. Gen. Stat. § 160A-168 serve to outweigh the First Amendment right of public access to judicial proceedings.[6]

---

[6] The City Defendants also assert certain documents are part of the "Fayetteville Police Department's investigative file." *See, e.g.,* Mem. in Support of Mot. to Seal [DE-272] at 3. Although the City Defendants never make an explicit reference to the statute, the court assumes that City Defendants are contending that these documents fall under the protection of N.C. Gen. Stat. § 132-1.4, which provides that "[r]ecords of criminal investigations conducted by public law enforcement agencies . . . are not public records . . . ." N.C. Gen. Stat. § 132-1.4(a). "Records of criminal investigations" is defined under this statute to mean "all records or any information that pertains to a person or group of persons that is compiled by public law enforcement agencies for the purpose of attempting to prevent or solve violations of the law . . . ." *Id.* § 132.1.4(b)(1). Again, assuming that any of the documents fall within this statute, the court does not find, in the context of this case, that the confidentiality interests embodied in the statute serve to outweigh the First Amendment right of public access to judicial proceedings. There is no indication that disclosure of the documents will jeopardize any ongoing criminal investigations or reveal the names of confidential informants. *Cf. Alexander v. City of Greensboro*, Nos. 1:09-CV-00293, 1:09-CV-00934, 2013 WL 6687248, at *4-5 (M.D.N.C. Dec. 18, 2013). Rather, the documents appear to concern the City Defendants' investigation into whether Defendant Koehler used excessive force and/or whether Plaintiff Darwin Johnson committed the offense for

17

The sole basis proffered for the sealing of many documents is that they refer to "confidential" documents and matters in the personnel file of Defendant Koehler. For the aforementioned reasons, this does not suffice to justify sealing. The court has reviewed the docket in detail, and has determined that following documents do not need to be sealed on this basis:

- Certain Exhibits to Plaintiffs' Opposition to Defendant Heather St. John's Motion for Partial Summary Judgment [DE-219-2 through 219-29]
- Certain documents that had been marked confidential and filed by Plaintiffs [DE-236-1 through DE-236-4]
- Certain Exhibits to the Fifteenth Declaration of Christopher Thomas [DE-244-1 through 244-11; DE-244-14 through DE-244-15; DE-244-17]
- Certain Exhibits to the Sixteenth Declaration of Christopher Thomas [DE-246-1 through DE-246-5; DE-247-2 through DE-247-3; DE-247-7 through DE-247-9]
- The Second Declaration of Stacy Marie Smith [DE-248] and certain Exhibits thereto [DE-248-1 through DE-248-6; DE-248-10; DE-248-12; DE-248-16 through 17; DE-248-19 through DE-DE-248-22]
- Certain Exhibits to the Seventeenth Declaration of Christopher Thomas [DE-258-1 through DE-258-3; DE-259-1 through DE-259-3; DE-259-5 through DE-259-6]
- Certain Exhibits to the Plaintiffs' Memorandum in Opposition to the City Defendants' Motion for Summary Judgment [DE-263-17 through DE-263-20; DE-263-26]
- Certain Exhibits to the Nineteenth Declaration of Christopher Thomas [DE-292-2 through DE-292-4; DE-292-7 through DE-292-9; DE-292-11].

The court has determined, however, that the following documents will remain SEALED because they contain personal identifying information of third-parties or Defendant Shane Koehler, and cannot be meaningfully redacted [DE-248-7 through DE-248-9; DE-248-11; DE-248-18;DE-263-21 through DE-253-25].

## 2. Health information

The parties also move to seal a large number of documents because the documents "contain, comprise, or discuss . . . sensitive Patient Health Information that should remain confidential under

---

which he was arrested. Again, these facts and issues go to the heart of this case, and there appears to be no compelling reason to shield them from the public's view.

the Health Insurance Portability and Accountability Act of 1996 codified in 42 U.S.C. §§ 1320d *et seq.* . . . ." City Defendants' Mem. in Support of Motion to Seal [DE-294] at 2. It is true that some federal courts have found that the need to keep personal health information confidential may justify sealing certain documents. *See James v. Servicesource, Inc.*, Civil Action No. 3:07CV317, 2007 WL 4190794, at *4 (E.D. Va. Nov. 21, 2007) (finding it appropriate to seal a *pro se* plaintiff's medical records due to their "sensitive nature"). This is especially so where the medical records are of third parties, or are not central to the disposition of a case. *See, e.g., Roberson v. Smith*, Nos. 5:07-CV-284-F, 5:08-CV-40-F, 2010 WL 2332282 (E.D.N.C. June 9, 2010) (allowing the parties' motion to seal exhibits which contained medical records of third parties). Federal courts have recognized, however, that where a party voluntarily puts his or her medical information or status into issue, it is more difficult to find that the party's privacy interests constitute a compelling interest that outweighs the First Amendment right of access to documents, even if the documents are medical records. *See, e.g., Matthews v. The Guardian Life Ins. Co. of America*, No. 1:98-CV-00106, 2014 WL 1681693, at *1 (N.D. Ohio April 28, 2014) (finding that a plaintiff "waived any right to the confidentiality of her medical records when she made her medical condition and diagnoses at issue); *Lohr v. UnitedHealth Grp., Inc.*, No. 1:12CV718, 2013 WL 4500692, at *4 (M.D.N.C. Aug. 21, 2013) (refusing to seal a plaintiff's medical records in a case challenging a denial of ERISA benefits); *Stanford v. Cont'l Cas. Co.*, 455 F. Supp. 2d 438, 446 (E.D.N.C. 2006) (recognizing that cases challenging a denial of ERISA health benefits routinely involve the disclosure of medical information and refusing to seal an administrative record that contained medical records).

In this case, Plaintiff Darwin Johnson has made any injuries he may have suffered as the result of the alleged actions of Defendant Koehler a main issue in this case. Accordingly, the court does not find that his privacy interests in his medical records outweigh the First Amendment right

19

of access. Consequently, the court finds that the following documents do not need to be sealed:

- Certain Exhibits to the Fifteenth Declaration of Christopher Thomas [DE-243-19; DE-243-20];
- Certain Exhibits to the Sixteenth Declaration of Christopher Thomas [DE-246-6; DE-247-1]
- Certain Exhibits to the Seventeenth Declaration of Christopher Thomas [DE-258-4 through DE-258-5; DE-259-7]
- The Declaration of Darwin Johnson and Exhibits attached thereto, along with the depositions of Darwin Johnson [the entirety of DE-266][7]
- The First Declaration of James H. Locus, Jr. and attached exhibits [the entirety of DE-279]
- Certain Exhibits to the Nineteenth Declaration of Christopher Thomas [DE-292-5 through DE-292-6].

Defendant Shane Koehler's medical status also is at issue in this case, although it cannot be said that he voluntarily made it an issue. The court finds that his interest in maintaining the privacy of many of these records, some of which contain highly sensitive information or health information that is not relevant to this action, outweighs the First Amendment right of public access to these records. Accordingly, the court finds that the following items may be maintained under seal:

- Exhibit W to the Fifteenth Declaration of Christopher Thomas [DE-244-16]
- Certain Exhibits to the Second Smith Declaration [DE-248-13 through DE-248-15]
- Certain Exhibits to the Plaintiffs' Memorandum in Opposition to the City Defendants' Motion for Summary Judgment [DE-263-1 through DE-263-5; DE-263-21 through DE-263-25

The court does not see a need, however, to seal deposition transcripts, memoranda submitted

---

[7] The Declaration of Darwin Johnson discusses his medical conditions, but the same information also is discussed in Plaintiffs' briefing and Plaintiffs have not asked that medical information be redacted from the briefing. Moreover, Plaintiffs filed a Motion to Amend/Correct Record to Include Amended Declarations [DE-308], and one of the amended declarations is that of Darwin Johnson [DE-309-3] which discusses the same medical information and has been publicly available since it was filed. Moreover, although Plaintiffs contend that the all of the exhibits to Declaration of Darwin Johnson are medical records, the documents at Exhibit C [DE-266-7] are personnel records of Mr. Johnson. Plaintiffs have not identified a compelling reason to seal these personnel records. The case they cite in support of their request, *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 807 (M.D.N.C. 2013) appears to be inapposite. In *Hunter* Judge Eagles recognized that it *may* be appropriate to keep personnel files under seal, but ultimately rejected the parties' request, noting that "because this is a § 1983 case, there is an especially strong interest in transparency." *Id.*

20

in support of the various motions, or other documents that discuss the records. The court finds it highly unlikely that the parties would expect that almost the entirety of a trial in this matter would be conducted in a sealed courtroom; similarly, it does not make sense for almost all of the testimony evidence in the record before the court on the motions for summary judgment to be sealed, nor for almost the entirety of the parties' briefing[8] on the issues to be sealed. *See* Rushford, 846 F.2d at 252 (reasoning that "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial" there is no real distinction between the two for sealing purposes). Accordingly, the court finds that the following items will not be sealed:

- Plaintiffs' Opposition to Defendant St. John's Partial Motion for Summary Judgment [DE-219-30]
- Exhibit A to Plaintiffs' Opposition to Defendant St. John's Partial Motion for Summary Judgment [DE-219-1]
- City Defendants' Memorandum of Law in Support of Motion for Summary Judgment [DE-241];
- Certain Exhibits to the Sixteenth Declaration of Christopher Thomas [DE-247-10; DE-247-12
- City Defendants' Opposition to Plaintiff's Partial Motion for Summary Judgment [DE-255]
- Certain Exhibits to the Seventeenth Declaration of Christopher Thomas [DE-259-4]

---

[8] Indeed, even if the court could find the parties' stated justifications for sealing sufficient to overcome the First Amendment right of access, it would be hard-pressed to characterize the City Defendants' request to seal the entirety of the their various memoranda filed in support of the dispositive motions, and the entirety of certain witnesses' depositions, as "narrowly tailored." The City Defendants contend that redaction of the various documents "would frustrate the purpose of their filing," and the very "purpose of the references that confidential information is to provide the Court evidence necessary to decide" the various parties' dispositive motions. *See, e.g.,* City Defts. Mem. in Support of Mot. to Seal [DE-294] at 4-5. In other words, the City Defendants appear to believe that redacting a document would prevent the court from considering the redacted information. That is not how redaction works in the sealing context. Rather, a redacted copy is publicly available on the docket, while the un-redacted copy is maintained under seal. *See Alexander v. City of Greensboro*, Nos. 1:09-CV-00293, 1:09-CV-00334, 2013 WL 6687248, at *2 (M.D.N.C. Dec. 18, 2013) ("Plaintiffs have submitted two versions of a brief and accompanying exhibits in response to defendants' motions for summary judgment: an un-redacted version, which plaintiffs seek to have sealed . . . and a redacted version for the public record . . . ."); *see also Lohr v. UnitedHealth Group Inc.*, No. 1:12CV718, 2013 WL 4500692, at *3 (M.D.N.C. Aug. 21, 2013) ("In addition, the Parties' suggestion that a redacted version of the Administrative Record would afford no value to the Court also falls short because the public filing of a redacted version of the Administrative Record would not preclude their provision of an unredacted version to the Court for maintenance under seal.").

- City Defendants' Objections to Assertions of Fact Not Supported by Admissible Evidence [DE-253]
- Plaintiffs' Memorandum in Support of Plaintiff's Motion to Seal Portions of Plaintiffs' Response in Opposition [DE-267]
- Plaintiffs' Response in Opposition to City Defendants' Motion for Summary Judgment [DE-266-1]
- Certain Exhibits to the Plaintiffs' Memorandum in Opposition to the City Defendants' Motion for Summary Judgment [DE-263-6 through DE-263-16]
- City Defendants' Reply in Support of City Defendant's Motion for Summary Judgment [DE-289]
- Certain Exhibits to the Nineteenth Declaration of Christopher Thomas [DE-292-1; DE-292-10; DE-292-12
- City Defendants' Objections to Assertion of Facts [DE-287]

The court recognizes that the parties may find that some of the information the court intends to unseal may contain personal identifiers that should be sealed, such as social security numbers, or that some other reason, not heretofore identified by the parties, requires the sealing or redaction of such documents. Accordingly, the Clerk of Court is DIRECTED to continue to maintain all of the documents under provisional seal. Any party may file a renewed motion to seal within 10 days of the filing date of this order, accompanied by, if necessary, redacted versions of any documents that may be maintained on the public record of the docket.

## C.    Appeal of Judge Jones' Order

Plaintiffs also appeal Judge Jones' October 6, 2014 Order [DE-276] which sealed Exhibits C and D [DE-229-1; DE-229-2] to the City Defendants' opposition to the Fourth Motion to Compel. The City Defendants sought to seal their opposition [DE-227] to the Fourth Motion to Compel and supporting Exhibits C and D [DE-229-1, DE-229-2].

Title 28 U.S.C. § 636, Rule 72 of the Federal Rules of Civil Procedure, and this court's local rules authorize magistrate judges to decide certain non-dispositive pretrial matters. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a);  Local Civil Rule 72.3(b), EDNC. Upon timely appeal by an objecting party, a district judge must "modify or set aside any part of the of the order that is clearly

erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The court already has determined that these documents, which were later filed in connection with the parties' dispositive motion, should not remain sealed. Because the documents will now appear on the public docket, there appears to be little reason to keep another version sealed on the docket. Accordingly, the court finds that Exhibits C and D to the City Defendants' Fourth Motion to Compel [DE-229-1; DE-229-2] need not remain under seal.[9]

## V. MOTIONS TO AMEND

Plaintiffs have filed two motions to amend [DE-270; DE-308] seeking to amend exhibits submitted in connection with the briefing on the dispositive motions. For good cause shown, the motions [DE-270; DE-308] are ALLOWED.

## VI. JOINT MOTION TO CONTINUE THE TRIAL DATE

The trial in this matter is set for the January 26, 2015, term of court. The parties have moved to amend the court's scheduling orders to continue the trial in this matter to no less than 90 days from the final resolution of the pending dispositive motions, including interlocutory appeals therefrom.

In light of the fact that the parties will have additional time to file renewed motions to seal, which in turn will delay the court's ruling on the dispositive motions, the court agrees that a continuance of the trial in this matter is necessary. The court does not agree, however, that it must be continued for a period of 90 days after ruling on the dispositive motions.

Accordingly, the joint motion [DE-314] is ALLOWED in part, and the trial in this matter

---

[9] The court notes, however, that Judge Jones was considering whether the reasons proffered by the City Defendants for sealing the exhibits—which were not challenged by Plaintiffs when the motion to seal was before Judge Jones—overcame the common law, as opposed to the First Amendment, right of access to the documents.

is continued to the term of court commencing on March 30, 2015.

## VII. CONCLUSION

For the foregoing reasons, the City Defendants' Motions to Seal [DE-250; DE-271] are ALLOWED IN PART and DENIED IN PART. Plaintiffs' Motions to Seal [DE-217; DE-268; DE-282] and City Defendants' Motions to Seal [DE-260; DE-293] are DENIED. The Clerk of Court is DIRECTED to continue to maintain the relevant documents under provisional seal. Any party may file a renewed motion to seal within 10 days, accompanied by, if appropriate, redacted documents. The court will issue an order directing the Clerk to unseal the appropriate documents after it rules on any renewed motion to seal.

The court accepts the M&R [DE-275] and overrules Plaintiffs' Objection [DE-295] thereto. Consequently, Plaintiff Darwin Johnson's Fourth Motion to Compel [DE-223] is DENIED. Plaintiff's Appeal [DE-296] of Judge Jones' October 6, 2014, Order [DE-276] is ALLOWED.

Plaintiffs' motions to amend [DE-270; DE-308] are ALLOWED.

Finally, the parties Joint Motion [DE-314] to continue the trial in this matter is ALLOWED IN PART, and the trial is continued to the March 30, 2015, term of court. The court reserves ruling on the pending dispositive motions.

SO ORDERED.    This the _11_ day of December, 2014.

James C. Fox
James C. Fox
Senior United States District Judge

24