IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-456-F

| | |
|---|---|
| DARWIN JOHNSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CITY OF FAYETTEVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Defendant Shane Koehler's ("Defendant') motion for court order authorizing release of Plaintiff Johnson's disability claims records. [DE-350]. Plaintiffs filed a memorandum in opposition to the motion [DE-362], and the court held a telephonic hearing on May 14, 2015. For the reasons set forth below, the motion is allowed.

## I. BACKGROUND

Plaintiffs filed their complaint in this action alleging several claims under 42 U.S.C. § 1983 and § 1985, the North Carolina Constitution, and state tort law against municipal and non-municipal Defendants in various capacities, arising from an altercation on April 17, 2011, with Defendant Koehler, a Fayetteville Police Officer, from which Plaintiff Johnson alleges he sustained injury.

The Court entered its initial scheduling order on October 18, 2012, and the dates set out therein were subsequently modified numerous times. Plaintiff Johnson was deposed on March 5, 2013, during which time he was examined about his medical condition and his medical records. [DE-292-5, -292-6]. On January 28, 2014, Plaintiff Johnson was deposed a second time with consent, during which he testified that he had not been able to obtain medical records mentioned during his first deposition nor those about which he testified during his second deposition regarding

his alleged injuries, but declined to sign a release allowing Defendants to obtain his medical records themselves. [DE-292-6] at 4-5. Pursuant to the scheduling order, fact discovery closed on January 31, 2014. [DE-162]. Following the conclusion of fact discovery, Plaintiffs continued to produce Plaintiff Johnson's medical records, on February 6, 2014 and October 1, 2014. [DE-279] ¶¶ 6-7; [DE-279-1]. On April 21, 2015, Plaintiff Johnson was deposed for a third time pursuant to court order and, according to Defendant Koehler, for the first time indicated he had applied for disability benefits from the Department of Veterans Affairs (the "VA") for the same or similar injuries alleged in this case. [DE-350] ¶ 2. The trial in this case has been continued to the court's June 29, 2015 term of court. [DE-358].

## II. STANDARD OF REVIEW

Defendant's motion seeks discovery after the designated discovery period has closed and thus contains an implicit request to modify the scheduling order. "A schedule may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (unpublished) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure Civ.* § 1522.2 (3d ed. 2010)); *McDonald v. Marlboro County*, No. 5:12-CV-1725-RBH-KDW, 2013 WL

2

6580631, at *4 (D.S.C. Dec. 16, 2013) (unpublished) ("[T]he key to the 'good cause' analysis of Rule 16 is whether the party was diligent in seeking to amend."); Fed. R. Civ. P. 16(b), advisory committee's note (1983 amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran,* No. 4:12-CV-220-FL, 2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (unpublished) (citing *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298 (4th Cir. 2008)). "[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D. Me. 1985)).

With respect to the substance of the motion, the rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors,* No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000) (unpublished). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad discretion in

3

determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

## III. DISCUSSION

Defendant contends that Plaintiff Johnson, through his complaint, has placed his mental and physical condition, as well as any claims for disability benefits from the VA, directly at issue. [DE-350-2] ¶ 3. Defendant further contends that Plaintiff Johnson's application and claims for VA disability benefits (the "Disability Records") contain information directly relevant to the issues of whether Plaintiff Johnson has suffered damages as a direct and proximate result of Defendant's alleged misconduct and whether Plaintiff Johnson has pre-existing medical conditions related to the injuries alleged in this case. *Id.* ¶¶ 4-5. Plaintiffs contend that Defendant was on notice as early as January 28, 2014 that Plaintiff Johnson was being forced from the military and knew in January 2015 that Plaintiff Johnson had in fact retired. [DE-362] at 3-6. Plaintiffs also contend the Disability Records are not relevant because Defendant Koehler has the underlying records the VA will use to make any disability determination and the VA's determination as to what injuries are attributable to Plaintiff Johnson's service would prejudice and confuse the jury, which must decide what injuries are attributable to Defendant Koehler. *Id.* at 6-8. Finally, Plaintiffs seek to exclude any evidence related to VA benefits pursuant to the collateral source rule and Rules 402 and 403 of the Federal Rules of Evidence. *Id.* at 9-10.

As an initial matter, the court finds that Defendant Koehler has demonstrated the requisite diligence to amend the scheduling order and allow further discovery. Despite Defendant Koehler's inquiries into Plaintiff Johnson's medical history through written discovery and depositions, it was not until April 21, 2015 that Plaintiff Johnson indicated he had applied for VA disability benefits.

4

The fact that Plaintiff earlier disclosed his retirement from the military is materially distinct from the fact that he sought disability benefits associated with his service. Furthermore, certain medical records not produced by Plaintiff until after the close of discovery elucidated the issue and substantiate the need for further discovery. Accordingly, the court finds good cause to reopen discovery for the sole purpose of allowing Defendant to obtain the Disability Records.

The court also finds the Disability Records are discoverable. Pursuant to Rule 26(b), records need not be admissible to be discoverable, and Defendant has sufficiently demonstrated that the Disability Records are relevant to the claims and defenses asserted in this case. Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Furthermore, where the discovery is sought from the VA, there is no evidence that Plaintiffs will be burdened by allowing the motion. To the extent Plaintiffs seek exclusion of such evidence at trial, a motion in limine is the appropriate avenue to obtain such relief. Accordingly, the motion for court order authorizing the VA's release of the Disability Records is allowed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for court order authorizing release of disability claims records [DE-350] is ALLOWED, and the scheduling order is hereby amended solely for the purpose of permitting Defendant to obtain these records from the VA.

The court further makes the following FINDINGS OF FACT AND ORDERS:

1. Pursuant to 38 C.F.R. § 1.511(b)(2), a subpoena is not sufficient authority for the disclosure of the Disability Records, and other ways of obtaining the Disability Records are not available or would not be effective under the circumstances.

2. This Court, having jurisdiction over the above-styled case, has authority to order

5

Case 5:12-cv-00456-F   Document 366   Filed 05/15/15   Page 5 of 6

production of records maintained by the VA pursuant to 38 C.F.R. §§ 1.511(b) and 1.513(b)(3).

3. Brian S. Cromwell and Christopher M. Thomas, of Parker, Poe, Adams and Bernstein LLP, Three Wells Fargo Center, 401 South Tryon Street, Suite 3000, Charlotte, North Carolina, 28202, are the attorneys of record for Defendant Koehler.

4. The court has statutorily weighed the public interest and the need for disclosure against injury to the patient, to the physician-patient relationship, and to treatment services, and the court has imposed appropriate safeguards against unauthorized disclosure of these records.

5. Any and all medical, disability application, and disability claims records, maintained by the VA pertaining to Darwin L. Johnson shall be released to the law firm of Parker, Poe, Adams and Bernstein LLP. The VA shall promptly furnish to Parker, Poe, Adams and Bernstein LLP a certified copy of the following described records:

> Any and all records of any nature for the past five (5) years maintained by the VA or any office thereof relating to medical, disability application, and disability claims records, to include all applications, records, summaries, correspondence, decisions, and amounts of monetary benefits pertaining to all disability claims awarded or denied, but excluding drug and alcohol abuse, human immunodeficiency virus, and sickle cell anemia treatment records, for Darwin L. Johnson, whose date of birth and social security number shall be provided to the VA by Defendant's counsel in a separate, non-public document.

6. All parties will limit the distribution, disclosure, and use of records subject to the Privacy Act of 1974 that are disclosed in response to this order as set forth in the Stipulated Order for the Protection of Confidential Information [DE-75] entered in this case.

SO ORDERED, this the 15th day of May 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

6

Case 5:12-cv-00456-F   Document 366   Filed 05/15/15   Page 6 of 6