UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-456-F

| | |
|---|---|
| DARWIN JOHNSON, et al., ) | |
| Plaintiffs, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| CITY OF FAYETTEVILLE, et al., ) | |
| Defendants. ) | |

This matter is before the court on Defendant Heather St. John's Motion to Sever and Remand, in which she moves the court to sever the sole remaining claim against her, a state-law negligence claim, and remand the claim to Cumberland County District Court for adjudication. [DE-344]. At the court's order, Plaintiffs filed their response and St. John filed a reply under an expedited schedule. For the reasons set forth below, the motion is ALLOWED in part.

## I. BACKGROUND

On June 7, 2012, Plaintiffs Darwin Johnson, LaTonja Johnson, and Brenda Johnson Mathis initiated this action by filing a Complaint in the General Court of Justice, Superior Court Division, Cumberland County, State of North Carolina asserting various claims against the defendants, including a state-law negligence claim by Plaintiff LaTonja Johnson against Defendant St. John and Plaintiff Darwin Johnson's claim under 42 U.S.C. § 1985 against both Defendant St. John and Defendant Shane Koehler.

On July 20, 2015, the then-named Defendants jointly filed a Notice of Removal in this court. Therein, the Defendants, including St. John, stated that the court had supplemental jurisdiction over the state-law claims asserted against them, including the state-law negligence claim against St. John

pursuant to 28 U.S.C. § 1367(a) because they were "so related to the federal claims that [it] form[s] part of the same case or controversy." Notice of Removal [DE-1] ¶ 8.

After various pretrial rulings, the only remaining claims in this action are (1) Plaintiff LaTonja Johnson's claim for negligence against Defendant St. John, and (2) Plaintiff Darwin Johnson's claims under 42 U.S.C. § 1983, and state-law claims for false imprisonment and assault and battery, all against Defendant Koehler. On April 21, 2015, St. John moved to sever the state-law claim against her and remand to state court.

## II. DISCUSSION

St. John argues that this court lacks jurisdiction over the remaining claim asserted against her. She further argues that the claim against her is no longer properly joined with the claims asserted against Defendant Koehler, and it should be severed under Rule 21. The court agrees that severing the claim against St. John is appropriate, and further finds that remanding the severed claim to state court is proper.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. A court may exercise the discretionary authority under this rule to correct a misjoinder at any time. *See C.L. Ritter Lumber Co. v. Consol. Coal. Co.* 283 F.3d 226, 229 (4th Cir. 2002); *Cooper v. North Carolina State Bd. of Elections*, No. 5:08-CV-423-D, 2009 WL 9081691, at *6 (E.D.N.C. June 12, 2009). Rule 21 is most commonly invoked to sever parties improperly joined under Rule 20. *See* 7 Charles Alan Wright, *et al. Federal Practice and Procedure* § 1689 at 515 (3d ed. 2001). Thus, while Rule 21 is silent on the standard applicable for determining misjoinder, "courts have uniformly held that 'parties are misjoined when they fail to satisfy either

2

of the preconditions for permissive joinder of parties set forth in Rule 20(a).'" *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W. Va. 1993) (footnote omitted) (quoting *Bereton v. Comms. Satellite Corp.*, 116 F.R.D. 162, 163 (D.D.C. 1987)).

Rule 20 provides, in relevant part:

> **(a) Persons Who May Join or Be Joined. (1) Plaintiffs**. Persons may join in one action as plaintiffs if: **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and **(B)** any question of law or fact common to all plaintiffs will arise in the action. **(2) Defendants.** Persons . . . may be joined in one action as defendants if: **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and **(B)** any question of law or fact common to all defendants will arise in the action . . . .

Fed. R. Civ. P. 20(a)(1)-(2). As the Fourth Circuit has explained, "Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and 'should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (quoting *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)).

Here, there were two occurrences or transactions—the automobile collision between St. John and LaTonja Johnson and Koehler's alleged use of excessive force against and false arrest of Darwin Johnson. Accordingly, to determine whether the first requirement of joinder has been satisfied, the court must consider whether there is a "series of transactions or occurrences" within the meaning of Rule 20. The "transaction or occurrence" assessment "generally proceeds on a case by case basis." *Saval*, 710 F.2d at 1031. This requirement allows "'all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" *Id.* (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). To be reasonably related, there must be some logical connection or relationship between the transactions or occurrences. *See Hanley v. First*

3

*Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993) ("If the phrase 'series' is to have any real meaning whatsoever, it necessarily must entail some 'logical relationship' between the specific transactions or occurrences."); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp.2d 395, 411 (S.D. W.Va. 2005) (explaining that "series of transactions or occurrences" test is "similar to the logical relationship test under [Federal] Rule 13(a)); *see also* 7 Charles Alan Wright, *et al. Federal Practice and Procedure* § 1653 (3d ed. 2001).

Here, the court cannot say that a logical relationship remains between LaTonja Johnson's claim against St. John and Darwin Johnson's claims against Koehler. LaTonja and Darwin each are suing for distinct wrongs allegedly committed against them by two separate defendants. *See Gruening v. Sucic*, 89 F.R.D. 573, 574 (E.D. Pa. 1981) (finding no logical relationship between plaintiffs' claims against motorist and insurance company because "[t]here were two distinct claims committed by different defendants at different times, and they resulted in the invasion of separate legal interests"); *Bafus v. Aspen Realty, Inc.*, No. CV-04-121-S-BLW, 2006 WL 318779, at *6 (D. Idaho Feb. 8, 2006) (finding no "series of transactions or occurrences" where four separate plaintiffs brought the same legal claims against four separate defendants based on entirely separate transactions). Where, as here, defendants have acted independently, courts have been willing to find the same "series of transactions or occurrences" requirement satisfied if the defendants have acted in concert or are somehow otherwise related. *See Sanford v. Virginia*, No. 3:08cv835, 2009 WL 1765769, at *2-3 (E.D. Va. June 22, 2009) (finding that individual plaintiffs' claims for emotional distress against hospital administrators for the alleged cover-up of the circumstances surrounding decedent's death was sufficiently related to estate's claims against police officers stemming from the death where all defendants were employed by the same entity and the administrators were allegedly acting to prevent the individual plaintiffs from knowing about the rough handling by police

4

defendants). Although Darwin Johnson has alleged that St. John and Koehler conspired together to violate his civil rights, there was no evidence to support that allegation and his § 1985 claim has been dismissed. Additionally, courts have found joinder appropriate if the injuries suffered by the plaintiff can be said to be somehow related to the independent actions of the defendants. *Compare Stephens v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 383 (D. Md. 2001) (finding that the plaintiff's medical malpractice and products liability claim were "completely intertwined" where the plaintiff suffered injuries as a result of multiple surgeries associated with the implantation of a medical device) *with Hughes v. Sears. Roebuck & Co.*, No. 2:09-CV-93, 2009 WL 2877424, at *5 (N.D. W. Va. Sept. 3, 2009) (finding joinder of product liability claim and medical malpractice claim improper where plaintiff fell from an allegedly malfunctioning treadmill purchased from Sears and then doctor allegedly misdiagnosed her injuries). There is no such bridge between LaTonja Johnson's alleged injuries from the motor vehicle collision and Darwin Johnson's alleged injuries from his treatment by Koehler. In the absence of a logical relationship, the court cannot find that the motor vehicle collision and the subsequent arrest are part of the same series of transactions and occurrences.

Because the court cannot find that the requirements of Rule 20(a)(1)(A) or (a)(2)(A) are satisfied, the court cannot find that LaTonja Johnson's claim against St. John and Darwin Johnson's claims against Koehler are properly joined under Rule 20. The court, accordingly, finds that LaTonja Johnson's claims against St. John must be severed from Darwin Johnson's claims against Koehler, pursuant to Rule 21.

Although the Fourth Circuit does not appear to have directly addressed the issue, at least one other circuit court of appeals has determined that while subject matter normally is determined at the time an action commences, a court should "look to the point at which the action was severed" to

5

determine whether it has subject matter jurisdiction over the severed claims. *See Honeywell Int'l v. Phillips Petroleum Co.*, 415 F.3d 429, 432 (5th Cir. 2005). This court agrees. Here, there is no federal question jurisdiction over this claim. The court does not have, at this time, enough information to know whether the requirements for diversity jurisdiction are met. *See* 28 U.S.C. § 1332. For example, the court does not know the citizenship of LaTonja Johnson. At the time this action was filed, she was a citizen of North Carolina, which would preclude this court exercising diversity jurisdiction over her claim. The record suggests, however, that she may no longer be a resident of this state. Moreover, although the court harbors doubts that the jurisdictionally required amount in controversy is met, it cannot make a definite finding on the present record before this court.

Accordingly, the Motion to Sever [DE-344] is ALLOWED in part, and state-law negligence claim asserted by Plaintiff LaTonja Johnson against Defendant Heather St. John will be severed. Plaintiff LaTonja Johnson is ORDERED to show, within seven (7) days of the filing date of this order, that this court has subject matter jurisdiction over her state-law negligence claim pursuant to 28 U.S.C. § 1332. If Plaintiff LaTonja Johnson fails to make this showing, or if she concedes that the court does not have jurisdiction, the court will sever her claim and remand to state court. If she successfully shows that this court may exercise jurisdiction over the severed claim, however, the court will direct the Clerk of Court to open a new action.

SO ORDERED. This the 27 day of May, 2015.

James C. Fox
Senior United States District Judge