IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-456-F

| | | |
|---|---|---|
| DARWIN JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF FAYETTEVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a Motion for Sanctions [DE-386] and Motion for Attorney Fees [DE-388] filed by Defendant Heather Nicole St. John, as well as on a Motion to Strike [DE-390] and Motion for Sanctions [DE-391] filed by Plaintiff Darwin Johnson. The matters have been fully briefed and are ripe for ruling. For the reasons stated herein, the Motion to Strike [DE-390] is DISMISSED AS MOOT. The other motions are DENIED.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The procedural history of this case was, in large part, set forth in the court's Order of December 11, 2014 [DE-317]. Other than that history, the court has allowed a motion for partial summary judgment brought by Defendant St. John; denied a motion for partial summary judgment brought by the defendants; and denied in part and allowed in part a motion for summary judgment brought by the City Defendants (City of Fayetteville, Shane Koehler, Jennifer Rodriguez, Phyllis Jernigan, Thomas Bergamine, Dale Iman, and Kevin Croyle). *See* Order of March 4, 2015 [DE-338]. The court's Order of March 4, 2015 also set forth the facts of

the case in great detail. The court presumes intimate familiarity with those facts and does not repeat them here.

The court ultimately severed the state law negligence claims against Defendant St. John, *see* Order of May 27, 2015 [DE-367], while the remaining claims were settled and voluntarily dismissed, *see* Order of June 19, 2015 [DE-383]. Less than two weeks after judgment was entered, Defendant St. John filed the present motion for sanctions [DE-386] and motion for attorney fees [DE-388]. Plaintiff Darwin Johnson responded with a motion to strike [DE-390] and his own motion for sanctions [DE-391].

## II. DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure requires that by submitting a pleading, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discover." Fed. R. Civ. P. 11(b)(3). Failure to do so can lead to possible sanctions. *See id.* 11(c)(1). Additionally, under Fourth Circuit law, "maintaining a legal position to a court is only sanctionable when, in applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *McNeill v. Melvin*, No. 5:12-CT-3169-FL, 2014 WL 4701592, at *3 (E.D.N.C. Sept. 22, 2014) (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)). Whether to impose sanctions under Rule 11 is left to the discretion of the courts. *See McNeill*, 2014 WL 4701592, at *3 (citing *Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998)).

Under 28 U.S.C. § 1927, courts may sanction counsel who "unreasonably and vexatiously" multiply proceedings. Sanctions under section 1927 require a finding of bad faith on the part of an attorney. *See EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012) (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 n.14 (4th Cir. 1999); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991)). Defendant St. John has moved for sanctions under Rule 11. Plaintiff Darwin Johnson has moved for sanctions under section 1927.

This was a closely-contested case. The court has reviewed the record and cannot find that a reasonable attorney in these circumstances could not have believed that the actions taken were legally justified, nor that any of the attorneys acted in bad faith. Some parties may have lost on some claims at different stages of the litigation, but the court does not find that the actions of any party merit sanctions. Furthermore, while the court previously assumed that the plaintiffs had met their certification burden under Rule 11, the court never said that dismissal of the civil conspiracy claim would merit sanctions, only that the court would not "allow speculation or conjecture regarding the possible contents of [certain conversations] to satisfy Plaintiffs' burden to establish their claim." *See* Order of March 28, 2013 [DE-129] at 14.

These motions, at their heart, appear to be attempts to relitigate the facts of the case. The court will not engage in such an attempt having already ruled on the various motions to dismiss and motions for summary judgment. As the court stated before, this was a closely-contested case—some of the claims survived motions to dismiss, and others settled after surviving motions for summary judgment. Neither side has engaged in actions warranting sanctions. Accordingly, the Motion for Sanctions [DE-386], and Motion for Attorney Fees [DE-388] filed by Defendant Heather Nicole St. John, as well as the Motion for Sanctions [DE-391] filed by Plaintiff Darwin Johnson are DENIED. The Motion to Strike [DE-390] is DISMISSED AS MOOT.

## III. CONCLUSION

For the foregoing reasons, the Motion to Strike [DE-390] is DISMISSED AS MOOT. The other motions [DE-386, -388, -391] are DENIED. This case is closed.

SO ORDERED.

This, the 3⁰ day of November, 2015.

_____
JAMES C. FOX
Senior United States District Judge